ALBANY,
August, 1812.

In the Matter of Jeremiah Ferguson, a soldier in the United States Army.

<div style="text-align:right"><em>Matter of Ferguson.</em></div>

APPLICATION was made to the court for the allowance of a writ of *habeas corpus,* directed to *John Christie,* a lieutenant-colonel in the army of the *United States,* to bring up the body of *Jeremiah Ferguson.* The application was founded upon the affidavit of the father of *Ferguson,* in which he stated that *Jeremiah Ferguson* is an enlisted *soldier* in the 13th regiment of infantry, in the army of the *United States,* now under the command of *John Christie,* and that the said *Jeremiah* is an infant, under the age of 21 years, viz. of the age of 17 years and 9 months; and that he enlisted without the consent of his father, and is desirous of being released and discharged.

Kent, Ch. J. The cause of the detention of the prisoner being fully and distinctly detailed in the affidavit, an important question, arising upon the motion, is, whether this court has jurisdiction in the case.

A similar application was made to this court, in *July* term, 1799, in the case of *Husted,* who was stated to be an enlisted soldier, (1 *Johns. Cases,* 136.) and the motion was denied; but the court gave no opinion on the question of jurisdiction. The only case I have met with, in which this question has been considered, is that of *Emanuel Roberts,* which arose in *Maryland,* in 1809. (2 *Hall's Law Journal,* 192.) The *habeas corpus* was awarded in that case, upon *affidavit* that the person had been seized and forcibly carried on board of a public vessel, belonging to the *United States,* then lying in the harbour of *Baltimore,* and where he was detained. By the return of the writ, it appeared that *Roberts* had voluntarily enlisted in the naval service of the *United States;* and the court declared it to be a proceeding under the authority of the *United States,* and that they " had no right to interfere," although it was alleged, that the party was only 16 years of age, and was drunk when enlisted.

As far as that case goes, it is an authority against the jurisdiction of the state courts; and yet *Nicholson,* Ch. J. in delivering the opinion of the court, seemed to consider, that there might be cases in which it would be the duty of the state courts to interfere,

<div style="font-size:small"><em>The allowance of a writ of habeas corpus, in term time, is a matter of sound legal discretion; and when it appeared, on an application for the allowance of such a writ, that the party was a soldier in the army of the United States, enlisted by one of the officers of the United States army, the court refused to grant the allowance, as it was a matter arising under or by colour of the authority of the United States, and a judge of the supreme court of the United States, or the district court of the United States, had clear and unquestionable jurisdiction in the matter, and could afford the party the requisite relief. Whether a state court has jurisdiction to allow a habeas corpus in such a case? dubitatur.</em></div>

even though the imprisonment was under colour of the authority of the *United States*.

As far as I have reflected upon the question, I have been led to conclude that our jurisdiction does not depend upon the greater or less degree of aggravation in the case, and that we have either no jurisdiction at all, or a completely concurrent jurisdiction, in granting relief upon *habeas corpus*, in all cases of unlawful imprisonment, by an officer of the *United States*, under colour or by pretext of the authority of the *United States*.

The present case being one of an enlistment under colour of the authority of the *United States*, and by an officer of that government, the federal courts have complete and perfect jurisdiction in the case; and there is no need of the jurisdiction or interference of the state courts; nor does it appear to me to be fit, that the state courts should be inquiring into the abuse of the exercise of the authority of the general government. Numberless cases may be supposed of the abuse of power, by the civil and military officers of the government of the *United States*; but the courts of the *United States* have competent authority to correct all such abuses, and they are bound to exercise that authority. The responsibility is with them, not with us; and we have no reason to doubt of their readiness, as well as ability, to correct and punish every abuse of power, under that government. The judicial power of the *United States* is commensurate with every case, arising under the laws of the union; and the act of congress (*Laws of U. S.* vol. 1. 53. 55.) gives to the federal courts, exclusively of the courts of the general states, cognisance of all crimes and offences, cognisable under the authority of the *United States*. If the soldier, in the present case, be detained against his will, knowing him to be an infant, or if, though an adult, he has been compelled to enlist, by *duress* or violence, it is a public offence, but an offence of which this court cannot take cognisance. An abuse of the authority of the *United States* is an offence against the *United States*, and exclusively cognisable in their courts. When the state courts have not jurisdiction over the whole subject matter of the imprisonment, and when the federal courts have such jurisdiction, by indictment, as well as by *habeas corpus*, there appears to me to be a manifest want of jurisdiction in the case.

The want of jurisdiction over the offence of unlawful imprisonment by indictment, seems equally to exclude the collateral remedy by *habeas corpus*, except where a jurisdiction,

in the latter case, is specially conferred. The writ of *habeas corpus*, as applied to such purposes, is a prerogative writ, and the issuing of it, in term time, rests in sound legal discretion. There appears to be an incongruity in such a maimed jurisdiction, as this court would possess, of having a right to deliver from an illegal imprisonment, and yet no right to call to an account the authors of such illegality and oppression. The general principle is, that if a court has no jurisdiction of the principal question, it has none of its consequences and incidents. Thus it is laid down that a common law court has no cognisance of any question incidental to that of *prize*, because they are incompetent to embrace the whole subject matter. (*Le Caux* v. *Eden, Doug*. 594.) It would be easy to state and multiply difficulties in the exercise of any jurisdiction, in cases arising under the exercise of the authority of the government of the *United States*, or in drawing with precision, any line between the cases in which we may, and in which we may not, interfere by *habeas corpus*. Suppose the marshal of the district was to detain a person in prison, under colour of process, when it could be shown to this court that the process was void, or that the arrest was after the return day, would a state court undertake to deliver the party from the marshal's custody ? I presume not, and yet I see no reason for any distinction, as to the question of jurisdiction, between that case and the present. The detention in each case is by an officer of the *United States*, under colour of its authority.

The civil remedy of the party by private suit in a state court, is a distinct question, not before us ; and in cases of private suits, the state courts have, in most cases, by the act of congress, a concurrent jurisdiction. My conclusion is, that it would not only be unfit for the court to interpose in this case, so long as the courts and judges of the *United States* have ample and perfect jurisdiction over the whole subject matter, but that it would also be exercising power without any jurisdiction, and, therefore, I am of opinion, that the writ ought to be denied.

THOMPSON, J. I concur in refusing the allowance of the *habeas corpus ;* but think it unnecessary to disclaim having jurisdiction, in any case, where the imprisonment or restraint is under colour of the authority of the *United States*. Questions of jurisdiction between the *United States* courts and the state courts are generally nice and delicate subjects. I should be unwilling

ALBANY,
August, 1812.

MATTER OF
FERGUSON.

to assume jurisdiction, where we have it not. And I do not feel myself at liberty to renounce it, when it is given to this court. The case of *Emanuel Roberts*, referred to by the *Chief Justice*, seems to be the only one where this question has received a judicial decision; and although in that case, the *habeas corpus* was denied, yet *Nicholson*, Ch. J. said there might be cases in which it would be the duty of the state courts to interfere. The immediate object of a *habeas corpus* is to liberate the party from an illegal restraint. The allowance of it does not necessarily draw after it an inquiry into any offence, committed either by the party imprisoned, or by him who assumes the right of restraint. The criminal offence is still open to the cognisance of the proper tribunal. The state courts must have the power, in many cases, to determine upon the extent and operation of the laws of congress. As in the case now before us, if a *civil* suit should be brought for false imprisonment, *the legality of the enlistment*, under the act of congress, would probably be involved, and must be determined collaterally. And this is the only inquiry upon the *habeas corpus*. The objections, however, stated by the *Chief Justice*, against the jurisdiction of this court, are entitled to great consideration, and as the allowance of the writ, in term time, rests in sound legal discretion; and as the party may have relief by application to one of the judges of the supreme court of the *United States*, or of the district court for this district, whose jurisdiction in the case is unquestionable, I think the application ought to be denied.

SPENCER, J. VAN NESS, J. and YATES, J. concurred; expressly reserving themselves as to the question of jurisdiction, but agreeing, for the reasons assigned by THOMPSON, J. that the application ought to be refused.

Motion denied.