MOE (ANDERSON v.). See Case No. 359.

MOFFAT. The (DE GRAFF v.). See Case No. 3,748.

---

## Case No. 9,688.

### MOFFAT et al. v. SOLEY.

[2 Paine, 103.] [1]

Circuit Court, S. D. New York. May Term, 1827.

COURTS — FEDERAL JURISDICTION — CITIZENSHIP—JUDICIARY ACT.

1. The 11th section of the judiciary act [1 Stat. 78] confines the jurisdiction of the circuit courts on the ground of citizenship to cases where the suit is between a citizen of a state where the suit is brought and a citizen of another state: and although the constitution gives a broader extent to the judicial power, the actual jurisdiction of the circuit courts is governed by the judiciary act.

[Cited in Wiggins v. European & N. A. Ry. Co., Case No. 17.626; Sands v. Smith. Id. 12,305; Grover & B. Sewing-Mach. Co. v. Florence Sewing-Mach. Co., 18 Wall. (85 U. S.) 580.]

[Cited in Wills v. Home Ins. Co., 28 Iowa, 546.]

2. Nor do the subsequent clauses of the 11th section as to the defendant's arrest, &c., enlarge the jurisdiction.

[1] [Reported by Elijah Paine, Jr., Esq.]

3. Therefore, where a citizen of New York and a citizen of Georgia sued a citizen of Massachusetts. in New York, where he was arrested, it was *held*, that the court had not jurisdiction.

At law.

On the argument, R. Sedgwick, for plaintiffs, made the following points: I. The act of congress ought, if possible, to be so construed as to confer the whole jurisdiction authorized by the constitution. II. All the clauses of the eleventh section of the judiciary act, taken together, should be so construed as to effect this object. III. The third clause of the act was intended to prevent writs being served in one district and returnable in another. The fourth clause was intended to authorize a trial between citizens of different states, wherever or in whatever district the defendant might be arrested. IV. If such be not the construction of the fourth clause, it means nothing. If such be the construction, it follows that each of the plaintiffs had a right to sue defendant in New York.

THOMPSON, Circuit Justice. The single question in this case is whether this court has jurisdiction of the cause. One of the plaintiffs is alleged to be a citizen of the state of Georgia, and the other a citizen of New York; and the defendant is avowed to be a citizen of Massachusetts, but arrested, of course, in the state of New York.[2] By the constitution of the United States, the judicial power is declared to extend, among other cases, "to controversies between citizens of different states." By the judiciary act of 1789 (eleventh section), jurisdiction is given to the circuit court when the suit is "between a citizen of a state where the suit is brought and a citizen of another state." It will be perceived, therefore, that although by the constitution, the judicial power is declared to extend generally to controversies between citizens of different states, the judiciary act of '89, in parcelling out that jurisdiction, is not so broad as to the jurisdiction of the circuit courts, but extends it only to a suit between a citizen of the state where it is brought and a citizen of another state; and the courts of the United States have always considered their jurisdiction governed by the act of congress, although perhaps the constitution would admit of a broader interpretation.

It was decided very early (1806), by the supreme court of the United States, in the case of Strawbridge v. Curtis, 3 Cranch [7 U. S.] 267, that when the plaintiffs or defendants

[2] The act of congress of September 24, 1789, provides that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum of five hundred dollars: 1. When the United States are plaintiffs or petitioners: 2. When an alien is a party: 3. When the suit is between a citizen of the state where the suit is brought, and a citizen of another state.

are numerous, or consisting of more than one person each, one must be capable of suing or being sued in the circuit court, in order to give the court jurisdiction; and this has been the uniform doctrine of the court ever since. To test the present case by that rule, each of the plaintiffs was not competent to sue the defendant in this court. The citizen of Georgia could not sue the defendant, who is a citizen of Massachusetts, in this court, because neither party would be a citizen of the state where the suit is brought; and if all the plaintiffs must be capable of suing him, it follows, as matter of course, that one who could not sue him, being united with another who could, will not give this court jurisdiction. But the plaintiff, to sustain the jurisdiction of the court, relies upon the subsequent provision in the same eleventh section of the act, which declares, that no person shall be arrested in one district for trial in another, in any civil action, in any district or circuit court; and no suit shall be brought against an inhabitant of the United States by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. This part of the section is certainly not entirely free from obscurity. The general object, undoubtedly, is to guard against a person being arrested in one district and taken into another district for trial, and anything more than this would seem to be no more than affirming what would be the rule of law independent of the statute. But, whatever may be the construction, there is no reason to suppose it was intended to enlarge the jurisdiction of the circuit court as limited by the first branch of the section, and extend it to cases where neither party was a citizen of the state where the suit is brought. This would be repugnant to the express terms of the first part of the section, and would, in effect, be by implication repealing by subsequent words in the section, the positive and express antecedent provision, which would be a violation of every sound rule of interpreting statutes. We are, accordingly, of opinion that this court has not jurisdiction of the cause, and that judgment must be entered for the defendant.

NOTE. The right of exclusive legislation or jurisdiction within the limits of any of the states, can be acquired by the United States only by purchase of territory from the states, for the purpose and in the mode prescribed by the constitution of the United States. People v. Godfrey, 17 Johns. 225. A state court has no jurisdiction of criminal offences against the United States, nor of the penal laws of the United States; nor can such jurisdiction be conferred by act of congress. U. S. v. Lathrop. Id. 4. Therefore, an action for a penalty incurred for selling spirituous liquors without a license, contrary to the act of congress of August 2, 1813 (Cong. 13, Sess. 1, c. 38 [3 Stat. 72, c. 39]), cannot be brought into the supreme court of this state. Id. The act of congress of the 17th of April, 1800 (volume 5 [Smith's Ed.] 88 [2 Stat. 37]), declares, that whenever any patent right shall be infringed, the party offending shall forfeit a sum equal to three times the actual damages sustained, "which sum shall be recovered by action on the case, founded on the act, &c., in the circuit court of the United States, having jurisdiction thereof." Parsons v. Barnard, 7 Johns. 144. The act of congress of 21st February, 1793 (volume 2 [Folwell's Ed.] 203 [1 Stat. 318]). also declares, that, in certain cases, when judgment shall be rendered for the defendant, the patent shall be declared void. Id. As the judicial power of the United States extends to all cases in law and equity arising under the laws of the United States, and as the act of congress. on the subject of patent rights, has declared that the suit for the infringement of them shall be brought in the circuit court of the United States, and gives the court power, in such cases, to declare the patent void, the state courts have, of course, no jurisdiction in the cases; and judgment must be rendered for the defendant. Id. The supreme court of the United States has not exclusive jurisdiction of a suit brought by a state against the citizen of another state; but such suit may be prosecuted in a state court. Delafield v. State, 2 Hill, 159. It may be questioned, it seems, whether the federal courts have any jurisdiction whatever of suits prosecuted by a state, except in the single instance where the parties on both sides are states. Id. The constitution of the United States has not, by its own force, divested the state courts of any of their former jurisdiction. Id. A mere grant of jurisdiction to a particular court, without words of exclusion as to other courts previously possessing the like powers will only have the effect of constituting the former a court of concurrent jurisdiction with the latter. Id. It seems, where the supreme court of the United States has original. it cannot exercise appellate jurisdiction, unless the circumstances be such that jurisdiction depends on the nature of the cause as well as the character of the party. Id. An attachment against a non-resident debtor is a suit within the meaning of the judiciary act of the United States, giving exclusive jurisdiction of all suits against consuls to the district court of the United States. In re Aycinena, 1 Sandf. 690. An affidavit or suggestion, if uncontradicted, is sufficient for the officer issuing such attachment, to discharge the same, and without costs. Id. The majority of the court. although they refused the allowance of a habeas corpus to bring up a soldier of the United States, thought it necessary to disclaim having jurisdiction, in any case, where the imprisonment or restraint was under color of the authority of the United States. In re Ferguson, 9 Johns. 239. Thompson, J., observed, "The Case of Roberts [2 Hall, Law J. 192], referred to by the chief justice, seems to be the only one where this question has received a judicial decision; and although in that case, the habeas corpus was denied, yet Nicholson, C. J., said there might be cases in which it would be the duty of the state courts to interfere. The immediate object of the habeas corpus is to liberate the party from an illegal restraint. The allowance of it does not necessarily draw after it an inquiry into any offence, committed either by the party imprisoned, or by him who assumes the right of restraint." Id. He added also: The state courts must have the power, in many cases, to determine upon the extent and operation of the laws of congress. As in the case now before us, if a civil suit should be brought for false imprisonment, the legality of the enlistment, under the act of congress, would probably be involved, and must be determined collaterally. And this is the only inquiry upon the habeas corpus. Id. The objections, however, stated by the chief justice, against the jurisdiction of this court. are entitled to great consideration. and as the allowance of the writ, in term time, rests in sound legal discretion. and as the party may have relief by application to one of the judges of the supreme court of the United States, or of the

district court for this district, whose jurisdiction in the case is unquestionable, I think the application ought to be denied. Id. Consent will take away error, but neither that nor confession will give jurisdiction. Coffin v. Tracy, 3 Caines, 129. And this applies to consent in creating a tribunal as well as to consent in submitting a matter to a subsisting tribunal, which the law has excluded from its cognizance. Germond v. People, 1 Hill, 343. The circuit court of the United States is a court of general jurisdiction: the only limitation is as to the parties who can litigate there; but when a cause is depending in that court it is to be presumed to be regularly there. If necessary, however, to show jurisdiction, an averment that the parties are citizens of the separate states, obviates the objection. Griswold v. Sedgwick, 1 Wend. 126. Bonds given for duties to the United States, may be sued in the state courts, which have concurrent jurisdiction with the courts of the United States, of all suits at common law, where the United States are plaintiffs. U. S. v. Dodge, 14 Johns. 95.