## *Ex parte* ELLIS, ON APPLICATION FOR HABEAS CORPUS.

The writ of *habeas corpus* should not issue to run out of the county, unless for good cause shown ; as the absence, disability or refusal to act of the local Judge, or other reason, showing that the object and reason of the law requires its issuance.

If the local Judge refuses to act, then resort may be had to officers out of the county.

The Legislature can never have intended that a party imprisoned under sentence of conviction for a misdemeanor, should have the privilege of selecting from the judiciary of the whole State the individual to whom he prefers to make his application, however distant from the place of his detention, and compel the officer having him in charge to convey him, at the expense of the county.

It is the duty of the courts to execute all laws according to their true intent and meaning : that intent, when collected from the whole and every part of the statute taken together, *must prevail, even over the literal sense of the terms, and control the strict letter of the law*, when the letter would lead to possible injustice, contradiction and absurdity.

FIELD, J.—Although the Supreme Court may issue the writ of *habeas corpus*, its allowance in term time is not obligatory, but rests in the sound legal discretion of the Court. To allow it may be obligatory upon the Judges in their individual capacity.

Petition to this Court for a writ of *Habeas Corpus.*

Petitioner alleges that he is held in custody by the Sheriff of El Dorado County, under a warrant of commitment issued by a Justice of the Peace of the county, upon a conviction for a misdemeanor, for keeping the store and place of business of petitioner open for business purposes, and exposing his goods, wares and merchandise for sale, on

the Christian Sabbath, or Sunday, contrary to the provisions of an Act, entitled " An Act to provide for the better observance of the Sabbath," approved April 10, 1858.[*]

Petitioner also alleges that the Justice acted without jurisdiction: that the act for which he was convicted constitutes no offense in law ; and he asks a writ of *habeas corpus* returnable before the Supreme Court.

*Samuel J. K. Handy* for Petitioner.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

Petitioner alleges that he is held in custody by the Sheriff of El Dorado County, under a warrant of commitment issued by a Justice of the Peace of the county, upon a conviction for a misdemeanor.  He also alleges that the Justice acted without jurisdiction; that the act for which he was convicted constitutes no offense in law ; and he asks a writ of *habeas corpus* returnable before the Supreme Court.

The statute provides that the " writ of *habeas corpus* may be granted by the Supreme Court or any Judge thereof, or any District or County Court in term time, or by any Judge of such at any time, whether in term or vacation."

It also provides that the writ shall issue without delay ; that it shall be served without delay, and that the Judge or Court who issued it shall immediately after the return proceed to hear and examine, etc.

In considering this application, a construction of the Act concerning *habeas corpus* will be necessary, in view of the frequency with which applications for the writ are made to this tribunal on the part of persons in custody in other counties.

A familiar rule in the construction of statutes is to give effect to the meaning and intention of the law maker ; this may be gathered from the reason of the statute : " The motives which led to the making of it, the object in contemplation at the time the Act was passed." (Smith Com. 634.)    Puffendorf says, that which helps us most in the discov-

---

[*] See *ex parte* Newman, 9 Cal. 502.

ery of the true meaning of the law is the reason of it, or the cause which moved the Legislature to enact it.

The object of the statute concerning *habeas corpus* was to afford all persons illegally restrained of personal liberty an adequate and speedy remedy; therefore, in such cases, full and ample jurisdiction is given to all judicial officers except Justices of the Peace; and a speedy remedy to the party imprisoned is provided, by having in each county of the State at least one officer authorized to afford all the relief given by the statute.

The Legislature can never have intended that a party imprisoned under sentence of conviction for a misdemeanor should have the privilege of selecting from the judiciary of the whole State the individual to whom he prefers to make his application, however distant from the place of his detention, and compel the officer having him in charge to convey him, at the expense of the county, it may be from San Diego to Klamath, in order that he might avail himself of a remedy which the local Judge of his county was equally authorized to grant.

Nor need he stop here ; the refusal to discharge by one Judge is not a bar to another application before a different Judge. After failing in his first application, the party may sue out another writ before a different officer, and thus the term of his imprisonment may be passed in traveling from one part of the State to another, at the expense of the county in which he was convicted, to the entire subversion of justice. Such a construction would lead to manifest absurdity. As it is the duty of Courts to execute all laws according to their true intent and meaning, that intent, when collected from the whole and every part of the statute taken together, *must prevail, even over the literal sense of the terms, and control the strict letter of the law,* when the letter would lead to possible injustice, contradiction and absurdity.

" When a particular construction of a statute, applied to a case which it seems by its terms to include, there follows from such a construction an absurd consequence ; respect for the Legislature will induce the Court from thence to conclude that some other construction, which will not produce such a consequence, ought to be adopted. Hence, every construction which leads to an absurdity ought to be rejected." (Smith's Com. 663.)

" It is said that this rule should be followed, even in cases where there is neither obscurity nor anything equivocal in the law itself, for the reason that the absurdity of the literal sense of the law does not proceed merely from the obscurity or any other fault in the expression, but from the narrow limits of the human mind, which cannot foresee all cases and circumstances, or include all the consequences of what is ordained ; that it is impossible for the Legislature to enter into immensity of detail.   It can only make laws in a general manner, and in applying their acts to particular cases, the construction ought to be conformable to the intention of the Legislature.   It cannot be presumed that the Legislature intended anything absurd.   When, therefore, the words, when taken in their obvious and proper sense, lead to it, it is necessary to turn them from that sense just as far as is sufficient to avoid an absurdity, if from the whole perview of the law, and giving effect to all the words used in it, it may fairly be done."   (*Ib*. 664 U. S. *v*. Fisher, 2 Cranch, 400.)

Testing the *habeas corpus* Act by these rules ; looking at the evil provided against and the remedy afforded, the motives and objects of the Legislature in passing it, and the manifestly absurd consequence which may result from a different construction ; we conclude that the writ of *habeas corpus* should not issue to run out of the county, unless for good cause shown—as the absence, disability or refusal to act of the local Judge—or other reason showing that the object and reason of the law requires its issuance.

This does not militate against the true and wise purposes of the Act, nor deny to any citizen the essential rights given him by the writ of *habeas corpus*.   The application to the local Judge may be made speedily and his answer soon given.   If he refuses to act, then resort may be had to officers out of the county.   This secures the right of a citizen and of the people, and deprives a process intended to be used for beneficial purposes of the power to injure the public interests by possible escapes, and delays, and onerous costs.   The mere caprice of the prisoner ought not to prevail against the interests of the people and the public convenience.

Petition denied.

FIELD, J.—This is a petition for a writ of *habeas corpus*. The petitioner alleges that he is illegally restrained of his liberty by the Sheriff of El Dorado County, under a commitment of a Justice of the Peace. No reason is assigned for not presenting the petition, in the first instance, to the Judge of that county, or to the District Judge of the district in which that county is situated; and the question arises whether, under such circumstances, this Court should exercise its discretion, and allow the writ.

It is true, the writ of *habeas corpus* is one of right, to which every person unlawfully restrained of his liberty is entitled *ex merito justiciæ*. It is true, the privilege of the writ is an express constitutional right at all times, except in cases of rebellion or invasion, when the public safety may require its suspension. (Const., article 1, section 5.) But like any other constitutional right, its privilege is to be exercised in a reasonable manner. Local Judges of the county and district are as fully competent to inquire into the causes of an alleged illegal restraint as this Court, and ought to be applied to in the first instance. Although this Court may issue the writ, its allowance in term time is not obligatory. That must rest in the sound legal discretion of the Court. To allow it may be obligatory upon the Judges in their individual capacity, but no such obligation lies upon the Court.

The statute of New York, in force in 1810, like the statute of this State, imposed a heavy penalty upon the Judges for the refusal of the writ on a proper application; and yet in Yates *v.* Lansing, (5 Johns. 297) Kent, C. J., said: " The Chancellor and Judges may refuse such a writ at their discretion, if applied for in term time, and the penalty will not attach;" and subsequently, in the matter of Ferguson, (9 Johns. 239) the Supreme Court refused the writ to a soldier of the U. S. army. In that matter Kent, C. J., placed his decision on the want of jurisdiction, but Thompson, J., said: " The objections herein stated by the Chief Justice against the jurisdiction of this Court are entitled to great consideration, and *as the allowance of the writ, in term time, rests in sound legal discretion,* and as the party may have relief by application to one of the Judges of the Supreme Court of the United States, or of the District Court for this district, where jurisdiction in this case is unquestionable, I think the application ought to

be denied." The three other Judges, Spencer, Van Ness, and Yates, all concurred in the judgment upon the grounds assigned by Justice Thompson.

There are obvious reasons why the allowance of the writ by the Court should rest in its discretion. They can be issued by the local Judges of the county and district. The causes of the restraint of the petitioners can be inquired into as fully by those Judges as by this Court. The expenses of transporting parties from extreme portions of the State under the writ, to be again in the greater number of instances retransported back, would subject the counties to oppressive burdens, and the time of this Court, were these writs allowed as a matter of course, would be occupied to the exclusion of matters pressing upon its attention, to the serious inconvenience of litigants and the public.

In the present case, no reason being assigned in the petition for the exercise of the discretion of the Court which may not be urged in every instance, I am of opinion that the writ should be disallowed.