SUCCESSION OF JACOB WEIGEL.—OPPOSITION OF HELMA BEATTY.

A judge may affix his signature to an order out of his territorial jurisdiction, where such an order can be granted in chambers, upon an *ex parte* application.

APPEAL from the Second District Court of New Orleans, *Beauvais*, J. *Hamilton & Myers* for opponents. *Cutler*, *Cazabat & Wallace* for the Succession.

HOWELL, J.  A motion is made to dismiss the appeal in this case, on the ground "that the order of the inferior court granting the said appeal is null and void on its face, the same being dated New Orleans, instead of the parish of Jefferson, and the judge who signed said order having no sort of judicial authority in said city of New Orleans."

We know of no provision nor principle of law which renders this order a nullity. It is one which can be granted in chambers, upon an *ex parte* application by petition, in the course of proceedings pending in a court, and the affixing of the judge's official signature, out of his territory, is not an exercise of "judicial authority" in the place where he happened to be at the moment of signing. His authority in such case is, in its very nature and essence, operative only in the court where the suit is pending, and can have no vitality, no force, no effect whatever until the order, as its medium, is filed in and becomes a part of the proceedings in which it is asked for.

It does not appear how or why the fact that the judge, who is a State officer, is personally out of the territorial limits of his court, but within the State, can deprive him of his official character or the capacity to control, in some respect, the proceedings legally pending in his court.

Without some special provision of law on the subject, we do not feel ourselves authorized to adopt such a conclusion. We can readily understand that circumstances may exist when the doctrine invoked by appellee would work great, if not irreparable, injury to a party having the right to appeal.

"Jurisdiction," as defined in Art. 76, C. P. "means the power of him who has the right of judging, or sometimes that word means also the space or extent of country over which the judge is entitled to exercise that power."

Bouvier defines jurisdiction to be "a power constitutionally conferred upon a judge or magistrate, to take cognizance of and decide causes according to law, and to carry his sentence into execution." 6 Pet. 591; 9 John. 239. The tract of land or district, within which a judge or magistrate has jurisdiction, is called his territory, and his power in relation to his territory, is called his territorial jurisdiction.

"Every act of jurisdiction (*i. e.* the power of taking cognizance of and deciding causes) "exercised by a judge without his territory, either by *pronouncing sentence or carrying it into execution,* is null. An inferior court has no jurisdiction beyond what is expressly delegated."

These definitions clearly relate to the competency, the power of the judge to entertain and pass upon causes in regard to the subject matter, the parties and the place where the action is brought ; but do not regulate or restrain his power as to the conduct of proceedings, the jurisdiction of which is legally vested in his court.   They do not imply that the judge must always be personally present in his territory, in order to direct incidental matters as they become necessary, in a cause pending in his court, to attain the object of his judicial functions, the administration of justice.

A due consideration of the constitution, nature and powers of our judicial district system, the periods and modes of holding court and conducting business in them, leads to the adoption of the foregoing views.   And, while we would not be understood as encouraging even apparent irregularity in the performance of the sacred and responsible duties of a judge, we must maintain what we deem to be the exercise of legitimate authority to secure the rights of parties.

Believing that the order of appeal in this case is not a nullity, because dated in New Orleans, we must hold it to be sufficient to maintain the appeal.

It is therefore ordered, that the motion to dismiss the appeal be dismissed.