[No. 2065.]

*Ex Parte* James P. Lynn.

1. Misdemeanor — Habeas Corpus.— Articles 138 and 139 of the Code of Criminal Procedure, while not mandatory, clearly indicate that, before a person detained upon a charge of misdemeanor resorts to this court for a writ of *habeas corpus,* he should apply for the writ to the county judge of the county in which the misdemeanor was committed, or, if there be no county judge in such county, then to the nearest judge or court competent to grant the same. The jurisdiction of this court to grant the writ, even though it was not, in the first instance, applied for to the proper local court, is not to be questioned, but the discretion to refuse the writ is one which this court should and will exercise in all cases wherein no valid reason is shown for failing to apply to the proper local court. See the opinion on the question.

2. Same — Case Stated.— As an excuse for his failure to apply to his local judge for the writ, the applicant in his petition alleges that said judge was so prejudiced against him, and his avocation as a retail liquor dealer, that he could not obtain from him a fair and impartial hearing of his application for the writ. *Held,* that such allegations, though sworn to, are mere suppositions and conjectures, and afford no valid excuse for failing to properly apply to the local judge for the writ.

3. SAME — REMEDY. — If the application of a defendant detained under a charge of misdemeanor be refused by his local county judge, such applicant has the right to apply for the same to another court or judge competent to grant the same; or, if the writ be granted by the local judge, and the applicant, upon the hearing thereof, be remanded to custody, an appeal will lie to the court of appeals, returnable at whichever branch the said court may then be in session.

*Habeas Corpus* on original application prosecuted from Milam county by the applicant, who was detained under a charge of violating the local option law.

The opinion states the case.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. This is an original application made to this court for the writ of *habeas corpus* in a misdemeanor case, the applicant being held in custody by a constable in Milam county, by virtue of a commitment issued by a justice of the peace of said county. No application for the writ has been made to the county judge of said Milam county before applying to this court.

It is provided by statute that "in all cases where a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed," for a writ of *habeas corpus*, "or, if there be no county judge in said county, then to the county judge whose residence is nearest to the court-house of the county in which the applicant is in custody." (Code Crim. Proc., art. 139.)

This article of the Code and likewise article 138, while not mandatory in their language, clearly indicate that the application for the writ should, in the first instance, be made to the local judge or court competent to grant the same, if there be such judge or court, and if there be none such, then to the nearest judge or court competent to grant the same. This, too, is in accord with, and in furtherance of, one of the cardinal principles of our system of government, which is, as far as practicable, to *localize* the administration of the law, — to try causes in the county, and before the court, having the primary jurisdiction thereof. We do not question the *jurisdiction* of this court, or its judges, to grant the writ, although it has not been applied for to the local court or judge in the first instance; but we do hold that it is within the discretion of this court, and its

judges, to refuse the writ in such cases, and that it ought to be refused in all cases where no valid reason is shown why the local court or judge was not applied to.

It certainly was never intended that this court, or its judges, should be required to travel from Tyler to El Paso, or other distant point in the State, to hear a case on *habeas corpus*, when there is a local judge having the same authority to hear and determine the case that this court and the judges thereof have. To hold that such is the intent of the law would, it seems to us, be not only absurd, but would lead to results adverse to justice and the proper administration of the law. It would virtually transform this court into a nomadic tribunal, traveling from one county to another of this vast State, to hear *habeas corpus* cases. Or, in cases like the one before us, where indictment has not been presented, we would be compelled to have the applicant and witnesses brought before us regardless of distance and expense, in the most trivial case of misdemeanor, or assemble our court in some other county, to hear the case. The proposition is ridiculous, and is contrary to the intent of the statute, and to the adjudications of courts upon the question. (Church on Hab. Corp., §§ 89–108; *Ex parte Ellis*, 11 Cal., 222; *Ex parte Ainsworth*, 27 Texas, 731.)

As an excuse for not applying for the writ to the county judge of Milam county, the applicant alleges in his petition that said judge is so prejudiced against him, and against his business, to wit, the business of a retail liquor dealer, that applicant cannot obtain before said judge a fair and impartial hearing of his application for the writ. This is no legal, valid reason for not presenting the application to said judge. No such excuse is recognized by the statute, or by any rule of law that we are aware of. On the contrary, this precise question has been determined by good authority adversely to the sufficiency of such an excuse. (*Bethuram* v. *Black*, 11 Bush, 628.) The allegation that the county judge is prejudiced, and would not administer the law impartially in this case, although sworn to by the applicant, is a mere supposition or conjecture, impugning the integrity of a judicial officer, who is sworn to administer the law faithfully and impartially. Such an imputation, unsupported as it is by other evidence than the *ex parte* statement of an interested party, is not entitled to favorable consideration. Because a judge is opposed to the liquor traffic, or in favor of it, is opposed to "local option," or in favor of it, is no reason why he cannot, and will not, administer the law, as he has sworn to do, impartially.

But, conceding that the applicant's supposition or conjecture as to what the action of the county judge in the case would be is well founded, he would not be without adequate remedy. If said judge refused the writ, another court or judge competent to grant it could be applied to. If he granted the writ, but upon a hearing thereof remanded the applicant to custody, an appeal would lie to this court. Such appeal would be properly returnable to this court wherever in session, because it is provided that "cases of *habeas corpus* taken to the court of appeals by appeal shall be heard at the earliest practicable time" (Code Crim. Proc., art. 883); and, by the force of this provision, we are of the opinion that such cases are returnable to this court at the earliest day practicable, regardless of the rules governing the return term of appeals in other cases. It cannot be claimed, therefore, that serious injury or injustice can result to the applicant by requiring him to observe the spirit of the law by first applying to the proper local judge or court for the writ; and, these being our views, we think the application should be refused, and it is accordingly so ordered.

*Ordered accordingly.*

[Opinion delivered October 28, 1885.