## SUPREME COURT.

### Noxon agt. Bentley.

In a suit upon a guaranty of *payment* of a note or bill of exchange, the neglect of the plaintiff to collect from the maker is no defence.

If the complaint sets forth no good cause of action, the defendant is entitled to judgment, though his answer be demurred to and the demurrer sustained.

Where no valid cause of action is alleged, it ·is fatal in every stage of the action in which the question can properly arise.

A general demurrer for that ground *is* authorized by the Code (*see Hinds agt. Tweddle and Darlington, ante p.* 278; *and see the cases on both sides of this question, collected in Purdy agt. Carpenter,* 6 *How. Pr. R.* 361).

*It seems,* that a motion in arrest of judgment may still be made, under the Code.

*Saratoga Special Term, ᴊune* 1852. This was a demurrer to an answer. The complaint set out, as three causes of action, guaranties of the payment of three notes. In each count, it was alleged that the note was transferred by defendant to plaintiff, and that the defendant did, " at the time of the transfer, for a valuable consideration, endorse upon the back of the note and sign with his own proper handwriting and signature, a written

guaranty, guaranteeing the payment of the said note to the plaintiff." The defendant answered, averring, among other things, that the notes were collectable of the makers, and the plaintiff had made no effort whatever to collect them, &c. To this part of the answer, the plaintiff demurred. Defendant also alleged as a further answer that plaintiff gave him a receipt for the notes, and therein agreed that after the plaintiff had collected the notes he would pay the defendant $33·11, after deducting the expenses of collection.

John O. Mott, *for Plaintiff*.

C. S. Grinnell, *for Defendant*.

Hand, Justice.——The allegation in relation to the agreement contained in the receipt, does not aid the defendant. He sets that out as a further answer or distinct defence, and does not even say it is part of the same contract by which the notes were transferred.

The neglect of the plaintiff to collect the notes was no defence in a suit upon the guaranty of payment (2 *Comst.* 228; 6 *Barb. R.* 550; 4 *Hill*, 420). This answer is, therefore clearly bad. The plaintiff must, consequently, have judgment, unless the complaint sets forth no cause of action.

If the complaint contains no cause of action against the defendant, he must have judgment. I know it has been doubted whether a general demurrer is now available. But where no valid cause of action is alleged, I have no doubt it is fatal in every stage of the proceeding in which the question can properly arise. If A is sued on a note made by B, it can not be necessary for the latter to state in his demurrer, that it did not appear that he was a party to the note, nor that he had promised to pay it. If the plaintiff should obtain a verdict on such a complaint, judgment no doubt would be arrested. The court could not overlook the defect on a motion in arrest (*Code*, § 176).

Two of these notes were payable to third persons, but the defendant is alleged to have been the owner at the time of the transfer and guaranty. The third is payable to him or bearer. The complaint alleges that the guaranty was for a valuable consideration, but does not state that any consideration was expressed

in the guaranty.   Nor does it appear that any consideration was paid for the transfer.   The allegation then is that the notes were transferred, and that defendant, for a valuable consideration, made and signed a written guaranty; nothing being said about the instrument of guaranty containing any statement of consideration.   The statute requires that the instruments of guaranty shall express the consideration (2 *R. S.* 135, § 2).

Does the fact that the guarantor transfers the note and guarantees its payment for a valuable consideration, bind him, unless the consideration be expressed?

It would seem, as the authorities now stand in this state, that a guaranty by the assignor for a valuable consideration, makes him liable, although the guaranty does not express the consideration (see the cases of Brown vs. Curtis, 2 *Comst.* 225; Durham . vs. Manrow, *id.* 533, and Hall vs. Farmer, *id.* 553).   If this be so, this complaint is good.

Judgment for plaintiff with leave to amend.