# SUPREME COURT.

## The People agt. Jonathan A. Banker, Administrator of Jonathan Pearce, deceased.

Where an action was brought in the name of the people on an administrator's bond, to recover an amount decreed by the Surrogate to be paid by the administrator as distributive shares of the estate, to two infants, and the defendant set up in his answer that the general guardian of the infants caused a suit to be commenced before a justice of the peace to recover upon the same decree, and that he thereupon "tendered to the guardian a sum of money equal or greater in amount than the amount then due or claimed to be due upon the order, which sum was rejected and refused by the guardian, and was then left or deposited with the justice before whom the suit was pending, as the money of, and for the said infants, where the same has ever since and still remains subject to their order or acceptance, of which they and their general guardian had due notice." On demurrer to this answer, *held*, that if the defendant would avoid a judgment for the amount so adjudged against him, by reason of what took place before the justice, he should have alleged in his answer that he then tendered and paid into court a *specific sum of money ;* and should have stated with more certainty when, and under what circumstances such payment was made.

The answer held fatally defective in another particular; it being a tender after suit brought, the amount of *costs* should also have been tendered and paid into court.

*Quere.* Whether a tender and payment as applied to courts of record, can be made in a justices' court?

Where the defendant claims, upon demurrer to the answer, that the *complaint* is defective, he must be held under § 148, to have waived all objections to the complaint, not answered or demurred to, except the question of jurisdiction and the sufficiency of the cause of action.

*Chemung Special Term, October,* 1852. *Demurrer.*—The complaint states that the defendant and Bridget Pearce were appointed by the Surrogate of Chemung, administrator and administratrix of the estate of Jonathan Pearce, and gave the proper bond with sureties. That afterwards, on the 19th of April, 1845, the Surrogate made a decree that the personal representatives should pay to Andrew Sanford and Lewis Sanford the sum of twenty-three dollars and ninety-five cents, each, for their distributive shares of the estate, and on the 2d of June, 1851, he made a further order that the bond be prosecuted for the

collection of these moneys. The plaintiff demanded judgment for the amount decreed to be paid, with interest.

The answer stated that Andrew Sanford and Lewis Sanford, who were infants, and Ira Sanford, their general guardian, to whom the Surrogate had directed the money to be paid, caused a suit to be commenced before a justice of the peace of the county of Chemung, and there claimed that there was still due from the defendant, upon the order of the Surrogate, a certain sum or balance of money, and, thereupon, the defendant tendered to George Quin, who had been appointed guardian *ad litem* for the infants, by the justice, and also to the general guardian, a sum of money equal or greater in amount than the amount then due or claimed to be due upon the order, which sum was rejected and refused by the guardian *ad litem*, and the general guardian, and was then left or deposited with the justice before whom the suit was pending, as the money of, and for the said Andrew and Lewis Sanford, where the same has ever since, and still remains subject to their order or acceptance, of which they and their general guardian had due notice.

To this answer the plaintiff demurred, and alleged for causes of demurrer: 1st. That it is not stated in the answer in whose name the suit before the justice was prosecuted. 2d. That as Andrew Sanford and Lewis Sanford were minors, it appears that no suit could have been pending before the justice in which any tender or deposit of a tender could be made so as to make it a defence to this action. 3d. That nothing appears in the answer showing that Andrew Sanford and Lewis Sanford are entitled to the money tendered—and the tender should have been brought into court in this action. 4th. That the tender as stated is void in law.

E. QUIN, *for Plaintiffs*.
M. CRAWFORD, *for Defendant*.

HARRIS, Justice.—It is alleged in the answer that the Surrogate had directed the distributive share of the estate of which the defendant was administrator, which belonged to the infants Andrew Sanford and Lewis Sanford, to be paid over to their

general guardian. This he had authority to do. (2 *R. S.* 98, § 80.) The general guardian thereby became entitled to receive the money. To recover this money it is alleged, he brought an action before a justice of the peace. Whether that action was brought in the name of the guardian or the infants, or, like this, in the name of the People, is not stated. It is, perhaps, to be inferred,. from the fact that a guardian *ad litem* was appointed, that the action was brought in the name of the infants. But however this may have been, I do not think it lies with the plaintiffs in this action to object that the former suit was not brought in the name of the proper party.

But there are some other objections to the sufficiency of this answer which must prevail. It is by no means certain that the practice of paying money into court was ever applicable to the proceedings in a justices' court. But, without examining this question, and assuming that the defendant might have paid the sum he admitted to be due into court, for the use of the parties beneficially interested, I think it was necessary that the defendant should state in his answer, more definitely, what he did. He says that after the suit had been commenced before the justice, the plaintiff claimed that a certain sum was then due upon the order made by the Surrogate, and that thereupon he tendered a sum equal or greater in amount than the amount due or claimed to be due, and the tender having been rejected, he deposited the amount with the justice, where it still remains. The issue thus tendered to the plaintiff is, whether, when the action was pending before the justice, the defendant tendered and paid into court a sum at least equal to the amount then claimed to be due. This is an immaterial issue. If found in favor of the defendant it could not determine the merits of this action. The Surrogate has adjudged that the defendant shall pay the amount specified in the complaint. If the defendant would avoid a judgment for the amount so adjudged against him, by reason of what took place before the justice, he should allege that he then tendered and paid into court a specific sum ·of money. This, if the practice of paying money into court is applicable to justices' courts at all, would have been, if proved,

equivalent to the payment of the same amount to the general guardian. Then there could be no recovery in this action without proving that there was due upon the order a greater sum than that so tendered and paid. Suppose that, when the tender was made, it had been accepted, and that notwithstanding such tender and payment, this action had been brought, would it have been thought a sufficient answer to say, that when the former suit was brought the defendant paid the plaintiff what was then claimed to be due? In determining what was in fact due, the proof of the amount claimed, would, of course, be important evidence. But after all, the question would be, not how much was claimed, but how much was actually due? If he would avail himself of the payment to the justice, the defendant should have stated the amount of such payment. I think, too, he should have stated with more certainty when, and under what circumstances, with reference to the suit pending, the payment was made.

There is another, and a still more decisive objection to the sufficiency of the answer. It is alleged that the defendant tendered and paid the amount claimed to be due upon the order. This was not enough. The tender was made after suit brought. Under such circumstances, it was necessary to tender and pay into court the costs which had accrued. (2 *R. S.* 553, § 20; 2 *Cowen Treatise*, (2d ed.) 790.)

But the defendant claims the right to have the complaint also examined, and if that shall be found defective, to have judgment in his favor upon the demurrer. Whether or not this can be done, is now a question of little practical importance, since, by the 153d section of the Code, as amended in 1852, the plaintiff can only demur to an answer which contains new matter constituting a counter claim. It was expressly declared by the 148th section that all objections to the complaint which had not been taken by demurrer or answer, except only those which involved the jurisdiction of the court, and the sufficiency of the cause of action, should be deemed to have been waived by the defendant. Of course, the objections so waived could not be made available upon the demurrer to the

The People agt. Banker, administrator of Pearce.

answer. If therefore it is allowable to attack the complaint at all, it is only to show that the court has not jurisdiction of the action, or that it states no cause of action. (*See Van Santvoord's Pleading*, 367 ; *Schwal vs. Furniss*, 4 *Sand.* 704 ; *Fry vs. Bennett*, 1 *Code Rep. N. S.* 256 ; *Rayner vs. Clark*, 7 *Barb.* 581.)

No such objection to the complaint in this action can be sustained. The statute authorises the Surrogate, upon the refusal or omission of an administrator to perform a decree for the payment of a distributive share, to cause his bond to be prosecuted, and to apply the monies collected thereon in satisfaction of the decree. (2 *R. S. 3d ed.* 178 § 20.) The suit is therefore properly brought in the name of the people. The case belongs to the class of trusts for which the 113th section of the Code provides. The other objections made to the sufficiency of the complaint belong to that class of objections which are waived by the defendant's omission to state them in his answer.

The plaintiffs are therefore entitled to judgment upon the demurrer, but it must be with liberty to the defendant to amend his answer, within twenty days after notice of this decision, upon payment of the costs upon the demurrer to be adjusted by the clerk of Chemung.