MOSSELMAN and POELART, trustees &c. *vs.* CAEN.

Our courts will not recognize or enforce a right or title acquired under a foreign bankrupt law, or foreign bankrupt judicial proceedings.

Accordingly *held* that an action could not be brought, in the courts of this state, by trustees of the estate and effects of a firm declared by the tribunal of commerce of the city of Brussels, in Belgium, to be insolvent and bankrupt, to recover the possession of certain goods and chattels in the possession of the defendant, in this state, the title and right of possession of which was claimed to have passed to the plaintiffs as such trustees, under and by virtue of such bankrupt proceedings.

But the objection to the right of the trustees to recover, in such a case, for want of legal capacity to sue, or of jurisdiction, cannot be raised for the first time on an appeal to the general term. If the defendant omits to take the objection by demurrer, or at the trial, he will be deemed to have waived it.

*Semble,* that after having failed to demur, the defendant cannot raise the question as to the legal capacity of the plaintiffs to sue, at the trial. *Per* CLERKE, P. J.

APPEAL by the defendant from a judgment entered at a special term upon the verdict of a jury. The opinion of the court sets forth the material facts.

*Fullerton & Spilthorn,* for the respondents.

*A. J. Vanderpoel,* for the appellant.

*By the Court,* SUTHERLAND, J. This action was brought by the plaintiffs as trustees of the estate and effects of the firm of Sichel & Company, merchants of Brussels in the kingdom of Belgium; the plaintiffs having been appointed such trustees by the court called the tribunal of commerce of the city of Brussels, which court had declared the said firm insolvent and bankrupt. The action was brought to recover the possession of certain goods and chattels in the possession of the defendant in the city of New York, the title and right of possession of which, it is alleged, passed to the plaintiffs as such trustees, under and by force of such bankrupt proceedings in Belgium.

The complaint alleges the plaintiffs' title through or under the foreign bankrupt proceeding, the possession of the defend-

ant, and certain other matters to show that the plaintiffs, as such trustees, have the title and right of possession of the goods as the property of the bankrupt firm. The defendant appeared in the action and put in an answer. On the trial there was a verdict for the plaintiffs, and the jury assessed the value of the property at $980.53. The appeal is upon the roll of the judgment entered on this verdict, without any case having been made, or exceptions taken.

It is clear that the complaint shows no right or title in the plaintiffs to the goods, which the courts of this state will recognize or enforce. It may be that it shows a right or title which they could avail themselves of without resorting to our courts; but the case of *Abraham* v. *Plestoro*, (3 *Wend.* 538,) which has been confirmed by subsequent decisions, (*Johnson* v. *Hunt*, 23 *Wend.* 87,) would seem to be conclusive upon the question whether our courts will recognize or enforce a right or title acquired under a foreign bankrupt law or foreign bankrupt judicial proceedings.

The case of *Abraham* v. *Plestoro* was certainly very broad in its repudiation of foreign bankrupt proceedings, and went much further than the case of *Holmes* v. *Remsen*, (20 *John.* 229;) but I think it must be deemed conclusive authority for saying that had the defendant raised the question by demurrer, or on the trial, it must have been held that the plaintiffs could not maintain this action.

The complaint shows that the assignment or transfer under which the plaintiffs claim, was not a *voluntary* assignment or transfer, but was an assignment or tranfer made under or by force of a judicial proceeding or decree. But the defendant did not raise the question, by demurrer, nor on the trial. The record of judgment before us does not show that any such objection was taken on the trial, nor indeed any of the proceedings on the trial, except the rendering of the verdict.

Can the defendant, then, present the question to the general term by this appeal, when we must assume that he sat

---
Mosselman *v.* Caen.
---

silent at the circuit, and permit the trial to go on, and end in a verdict against him, without raising the question ? I think he cannot. (*See Pope* v. *Dinsmore*, 8 *Abbott's Pr. Rep.* 429.)

If the question should be looked upon rather as a question of jurisdiction, than of title, yet the defendant by his silence could waive the question of jurisdiction.

The defendant was not compelled to raise the question by demurrer. He could have done so at the trial; but it will not do to let him sit silent at the trial, and raise the question for the first time on appeal.

In my opinion the judgment should be affirmed with costs.

ALLEN, J. concurred.

CLERKE, P. J. I concur, except that I do not think the defendant could raise the question at the trial, after having failed to demur. If he demurred, it should be under sub. 2 of sec. 144 of the code; but sec. 148 says, if the objection is not taken by demurrer, (or answer,) the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, (under sub. 1 of § 144,) and the objection that the complaint does not state facts sufficient to constitute a cause of action (under sub. 6 of § 144.)

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Allen* and *Sutherland*, Justices.]