## KING *vs.* POOLE.

A court possesses power and jurisdiction to determine whether it has authority to entertain a particular controversy, although its decision, and the law, be that it has no such authority, and it therefore dismisses the suit. Such a question may be presented by demurrer, and its decision must be a judgment.

Accordingly, where A. brought an action against B., in a county court, to recover damages for the wrongful detention and conversion of property, and B. demurred on the ground that the court had no jurisdiction of the subject of the action, and the county court rendered a decision sustaining the demurrer; *Held* that the court had the power to enter a judgment dismissing the complaint or suit, and awarding costs to the defendant.

Costs are a proper and necessary incident of such a judgment; and the court can no more deny them to a defendant who succeeds in establishing, upon an issue of law, that the court has not jurisdiction, than to a plaintiff who has shown that it has.

A court, when it has the parties in an action before it, must necessarily obtain jurisdiction, so far as to decide whether it can entertain the suit; that is, whether it has jurisdiction of the action. Its decision of that question is a judicial act — an exercise of jurisdiction. *Per* Emott, J.

King *v.* Poole.

APPEAL from a judgment of the county court of Kings county, upon a demurrer to the complaint. The decision of the court was that the defendant was "entitled to judgment on said issue, for his costs and disbursements, against the plaintiff." The judgment was in this form : " This action being at issue on the complaint of the plaintiff and the demurrer of the defendant thereto, and such issue having been duly tried by the court, and the decision thereon having been duly filed, whereby it appears that the defendant is entitled to judgment herein for costs against the plaintiff : on motion of James Wheeler, defendant's attorney, it is adjudged that the defendant, H. C. Poole, do recover of the plaintiff, John H. King, the sum of thirty-eight dollars and seventy-two cents, his costs and disbursements herein, and that he have execution therefor."

The defendant excepted to the decision, on the ground that the county court and the judge thereof had not, nor had either of them, any jurisdiction of the action, nor of the person of the plaintiff, nor of the cause of action, nor to render said decision.

*John Townshend*, for the appellant,

*James Wheeler*, for the defendant.

*By the Court*, EMOTT, J. The plaintiff brought this action against the defendant, in the county court of Kings county, to recover damages for the wrongful detention and conversion of a watch. The defendant demurred, on the ground that the court had no jurisdiction of the subject of the action. The county court rendered a decision sustaining the demurrer, and awarding judgment for costs against the plaintiff. On this decision judgment was entered by the defendant for costs, and from that judgment the plaintiff has appealed to this court.

The judgment is insufficient, or incorrect in form. It

merely adjudges costs to the defendant, and contains no determination or disposition of the issue made by the demurrer. The judgment to which the defendant was entitled was a judgment dismissing the complaint or suit, putting an end to its prosecution, for want of jurisdiction in the court to entertain it, and leaving the plaintiff at liberty to institute a proper action for the same cause in a competent tribunal. The costs, if properly awarded, would be an incident to that adjudication.

The demurrer, however, is incorporated in the record, and the question determined sufficiently appears, I think, to prevent this judgment being a bar to a future action. The defendant did not complain of the judgment for its irregularity, or apply to correct it. He excepted to the decision for a reason which would seem to imply that the county court had no power to render any judgment, or at least no power to adjudge costs to the defendant.

Jurisdiction means the power to act judicially to determine any question presented in a controversy between parties. To enable a court to render a complete determination of a controversy, it must have the power by its constitution to hear and adjudge upon the questions involved, or to administer the relief asked, and it must have the parties properly before it; in other words, it must have or obtain jurisdiction of the parties and the subject matter. If either of these be wanting, there can be no judgment rendered upon the merits. But the consequences of a want of jurisdiction of the person and of the subject, upon the action of the court, are different, and perhaps have not been sufficiently attended to. If the court has not acquired jurisdiction of the person of the defendant, that is, if no sufficient process has been served upon him, there can be no judgment, even of abatement, given against the plaintiff, for the defendant must become a party in the court before he can have a judgment. If he pleads a personal privilege, or the like, his attitude is different. But where the court has acquired jurisdiction of the person of the

King *v.* Poole.

defendant, but has no jurisdiction of the subject of the controversy, the case is otherwise. There the parties are rightfully before it, and when the question is raised whether it has jurisdiction to determine the controversy between them, that question itself is one which calls for a judicial determination. A court, where it has the parties in a cause before it, must necessarily obtain jurisdiction, so far as to decide whether it can entertain the suit or proceeding ; that is, whether it has jurisdiction of the action. Its decision of that question, whether it be made in the form of an order or a judgment, is a judicial act—the determination of a question between the parties—and is necessarily and by the very force of terms an exercise of jurisdiction. Whether such a decision should be given by way of order or judgment, and what incidents attach to the decision in either form, are merely matters of practice, to be regulated by statutes or the rules governing particular courts. This is the view taken of such a question by the supreme court of Massachusetts in *Hunt* v. *Inhabitants of Hanover*, (8 *Metc.* 343,) and it is the only rational view. There is an observation of Ch. J. Kent, in the *Matter of Ferguson*, (9 *John.* 239,) that if a court has no jurisdiction of the principal question, it has none of its consequences and incidents, which is sometimes quoted, apparently, to show that when a court has not rightfully complete jurisdiction of a cause, both of the subject and the parties, it can do nothing in it. It is plain, upon a little attention, however, that the principle stated has no bearing upon such a question. The observation was made by Ch. J. Kent to sustain the view that the courts and judicial officers of a state could not issue a writ of habeas corpus in the case of a person illegally imprisoned by an officer of the United States, because it was held that the state courts could not entertain an indictment against the officer for the illegal imprisonment. The conclusion was not adopted by the court, and has not been recognized by succeeding authorities. But as to the applicability of the remark to cases like the present, it must first be ascer-

tained what is the principal question and what its incidents. A question of jurisdiction is not an incident of the questions upon the merits in the cause ; it is in itself a principal question, and it may be the principal question in the case. It is true that the award of costs, or the like, are incidents of the principal question or issue between the parties, and if the court has no power to decide that question, it has no power to make the incidental award of costs upon it. A court always has jurisdiction of the person of a plaintiff who institutes a suit in its forum, and if the defendant is properly brought in, although he denies the jurisdiction over the subject, yet he also is in court. Thus the jurisdiction exists over the parties, and the necessary power to determine the very question of jurisdiction itself enables the tribunal to render a determination of that question, which will be valid and binding.

The mode of taking an objection to the jurisdiction, or of presenting the question to the court, may be and has been different under different systems of practice. Before the code of procedure was adopted, the defendant could plead to the jurisdiction, sometimes in abatement and sometimes in bar. The plaintiff either replied or demurred, and the issue thus formed resulted in a judgment. In most cases, also, the want of jurisdiction might be taken advantage of under the general issue, at the trial. If the plaintiff failed to aver and prove a case within the jurisdiction of the court, in respect to the subject and the place where the cause of action arose, he would be nonsuited, as for any other failure of proof, and upon that a judgment would be entered. There were and there still are cases in which the question of jurisdiction is raised by a motion, and there is a class of cases relating to jurisdiction in appellate tribunals in which the forms of procedure were different. Some of these latter cases will be noticed presently.

The code, § 144, authorizes a defendant to demur to the complaint, when it shall appear upon the face thereof that

King *v.* Poole.

the court has no jurisdiction of the person of the defendants, or of the subject of the action. Section 147 provides that when these facts do not appear on the face of the complaint, the objection may be taken by answer ; and section 148, that the objection to the jurisdiction is not waived, but may be interposed at any proper opportunity, although not raised by either answer or demurrer. When, however, as in this case, the objection is taken by. demurrer, an issue of law is formed, upon the right of the plaintiff to prosecute his suit. The decision of that issue results in a judgment, which is a final determination of that right, and the court can no more refuse to render that judgment, than it can a judgment upon any other demurrer. Thus, upon principle, a court possesses power and. jurisdiction to determine whether it has authority to entertain a particular controversy, although its decision and the law be that it has no such authority, and it therefore dismisses the suit ; and according to the present practice such a question may be presented by a demurrer, and its decision must be a judgment. The county court was perfectly right, therefore, in giving a judgment upon this demurrer, and thus determining that the suit must be dismissed, because it could not be entertained by that tribunal.

It is equally plain that costs are a proper and necessary incident of such a judgment. Costs are in all cases the creation of statute, and are given or withheld as the statutes direct. Of course, if the court has no jurisdiction to render a judgment, no costs can be awarded, but where this principal power exists, the incident of costs depends upon the positive regulations of the statute. The present code of procedure gives costs to the prevailing party, in the judgment rendered upon an issue of law, such as that formed by this demurrer, and the court could no more deny that right to a defendant who had succeeded in establishing that the court had not jurisdiction, than to a plaintiff. who had shown that it had.

There has been no case produced by counsel, nor do I find

any, which is in conflict with these views. *Harriott* v. *The New Jersey R. R. Co.*, (8 *Ab. R.* 284,) was a case in the New York common pleas, where the defect in jurisdiction was in the persons of the parties. The point was not taken until the trial, when an order was entered dismissing the complaint. From this order an appeal was taken, leaving the trial interrupted and without any result. The order was affirmed, and then the defendant went back and entered a judgment for costs, which was set aside, on motion. I confess I do not see why if the defendant had simply applied for a nonsuit it must not have been granted, and upon it a judgment dismissing the complaint with costs. The learned judge who set aside the judgment seems in some parts of his opinion to argue that as the court had no jurisdiction of the subject of the action, it could render no judgment whatever; but at another place he expressly states, that if the objection to the jurisdiction had been taken by demurrer, the prevailing party would have had a judgment in his favor, and costs awarded him. The case of *McMahon* v. *Mutual Benefit Life Insurance Co.* (*Id.* 297) contains two well reasoned opinions by Judges Bosworth and Woodruff of the superior court, to the effect that where a suit is dismissed for want of jurisdiction, the defendant must have judgment for costs. It does not appear in that case how the objection was taken, except that it was not upon the pleadings. I infer that it was raised at the trial. The case of *Gormly* v. *McIntosh* (22 *Barb.* 271) was a case where a judgment had been rendered in the county court, an appeal was taken to this court, and the judgment was reversed on the ground that the county court had no jurisdiction of the cause. The court held that the defendant was entitled to costs of this appeal, but not of the county court. The stress of the opinion is to show that the right to costs in this court attaches to the appeal as a distinct proceeding. It does not appear that any objection was taken to the jurisdiction, in the county court, or that that court passed upon that question distinctly. The case is therefore not an authority

King v. Poole.

upon the present question. Mr. Justice SMITH, in the elaborate opinion delivered by him in this case, refers to a remark of Judge Cowen in *Malone* v *Clark*, (2 *Hill*, 658,) that if the court below had no jurisdiction of the subject matter, their course was not to render any judgment at all. It will be seen upon an examination of this case that it was a writ of error to the Lewis county court of common pleas, who had rendered a judgment of discontinuance against a plaintiff, on the trial of an appeal from a justice, a proceeding which as the law then stood removed the whole case into the common pleas for a jury trial upon the merits. The objection taken was that the justice had not obtained jurisdiction of the defendant's person, and the judgment was reversed because the appearance of the defendants waived the objection, and because the question could only have been brought before the common pleas on certiorari, and not on appeal. What was said by the learned judge, as to the power and duty of a court when it discovered its want of jurisdiction, and especially in reference to a want of jurisdiction of the subject of the action, was altogether obiter dictum, and must receive some explanation before it can be universally admitted. The case of *Striker* v. *Mott* (6 *Wend.* 465) turned upon the provisions of the statute in reference to a plea of title in a trespass suit before a justice of the peace. The cases of *Ex parte Benson,* and *Ex parte Mallard,* (6 *Cowen,* 593,) were both questions as to an appellate jurisdiction, and besides, presented only questions of the exercise of discretion. The case of *The People ex rel. Mallard* v. *Judges of Madison Co.* (7 *Cowen,* 423) is the same matter just cited, as reported in another stage of the proceedings, in 6 *Cowen,* 593. The authority of the case of course goes no farther than has just been stated, and the remarks of the court are to be applied to the facts before them, and understood of appellate proceedings.

It will be impossible to find any sufficient sanction for the doctrine that a court either of general or limited jurisdiction

has not the power to decide, either by order or judgment, the question of its own jurisdiction, or its right to proceed between parties before it.

It is likewise entirely clear that the question of jurisdiction was duly raised in this case by a demurrer in the county court, and properly decided by a judgment, in effect sustaining the demurrer, to which the costs of the action were an incident.

The judgment must be affirmed with costs.