Robertson, C. J.
The answer in this case sets up as a bar to any set-offs of the plaintiff of any demand claimed by him that did not become due before the first publication of a notice therein set forth, corresponding with the one required by the Revised Statutes to be published by such a receiver as the defendants are (Vol. 2, p. 43, § 8; p. 469, § 70). They so claim it upon the grounds that by certain provisions of such statutes (2 Vol. 464; § 42, 469; § 72, 470, 74), a certain other provision thereof (2 Rev. Stat., 41, § 7), excluding set-offs of debts of debtors (established to be absent, absconding, concealed, insolvent or imprisoned) when the same do not become due before the publication of certain notices in some cases, the appointment of trustees of such debtors in others, and the commencement of proceedings against them by petition, on others in all actions brought by the trustees of such debtors against *367 the party claiming the set-off. There are, however, some objections to such a position, one of which, at least, is insurmountable. It is somewhat doubtful, to say the least, whether the enumeration in one of the provisions just referred to (2 Rev. Stat., 469, § 72), of some of the subjects of provisions in regard to trustees of insolvent debtors, which are declared to apply to receivers, does not restrict the generality of the previous language, which applies all statutory provisions in regard to such trustees to such receivers as the defendants, and also whether the exclusion of a right to set-off properly forms part of the powers and duties of such trustees, conferred upon receivers, by the other provisions so referred to (2 Rev. Stat., 454, 442,470, § 74). But the insurmountable difficulty is, that there is nothing in the section already alluded to as excluding set-off (2 Rev. Stat., 41, § 7), which can be made applicable to such receivers. The only notices therein spoken of are those of attachments against absent, concealed or absconding debtors, or of applications to discharge an imprisoned debtor ; while the right of set-off in regard to insolvent debtors is cut off either from the time of the presentation of the petition for their discharge or the appointment of trustees. Indeed, the only object of the notice, set up in the answer, seems to be to prevent a settlement with the officers of the company. The defendants are therefore neither entitled to set-off nor are they limited by the publication of such notice.
As, however, the complaint may on a demurrer to an answer be attacked (People v. Banker, 8 How. Pr., 261; Fry v. Bennett, 5 Sandf., 54; S. C., 1 Code R. N. S., 238; Schwartz v. Furniss, 1 Code R. N. S., 342; Noxon v. Bentley, 7 How. Pr., 316), even if in addition to the facts contained in the complaint, the answer contained nothing to defeat the cause of action, it would be necessary to determine the plaintiff’s right of set-off. And if it appears by such pleadings that the plaintiff’s demand did not accrue before the appointment of the defendants as receivers, if in such case he would be entitled to no relief, judgment must be given for the defendant. If the plaintiff’s demand became due before the appointment of the defendants as receivers, he could set it off against any demand held against him by the defendants as receivers, although the latter became due after their appointment as such (In re Middle *368 District Bank, 1 Paige, 585). The Revised Statutes permit it (vol. 2, p. 354, § 18, subd. 8 and 9; Myers v. Davis, 22 N. Y, 491, per Denio, J.); courts of equity in this State (Holbrook v. Receivers of Am. Ins. Co., 6 Paige, 220; McLaren v. Pennington, 1 Paige, 112; In re Middle District Bank, ubi sup); and courts of law in sister States, (McDonald v. Webster, 2 Mass. Rep., 498; Van Wagoner Receivers v. The Paterson Gas Light Co.; 3 Zab., 283), sustain the same principle, and it is applied under the English bankrupt acts (1 Mod. Rep., 215; Greaves v. Powell, 2 Vern., 248. And see Chapman v. Derby, Id., 117; Atk. 2, 612; Mitford v. Mitford, 9 Vesey, 100; Exp. Stephens, 11 Vesey, 26).
But in the present case, the demand of the plaintiff, by the terms of the policy, did not accrue until thirty days after proof of his loss. The contract of the company of whom the defendants were receivers, was to pay only at that time any loss which had previously accrued, and the statute of limitations could only then begin to run. Ho proof of loss was presented until after the defendants’ appointment, and the plaintiff’s note was not then due. It becomes necessary, therefore, to determine whether the plaintiff had a right to or the defendants were bound to allow such set-off.
The provisions of the revised statutes giving authority to the trustees of certain kind of debtors, including insolvent ones, to allow set-offs of credits or debts whenever mutual credit has been given by such debtors and other persons, or mutual debts have subsisted between them, and pay the proportions of or receive the balance due (2 Rev. Stat., 47, § 36), may be considered as rendered applicable by the other provisions to receivers, such as the defendants, but must be accompanied by the provision therein contained, that the parties making such set-off must be such as would be entitled under a prior section excludes all who were not creditors at the time of the assignment (in this case the appointment). Whether this alters the plaintiff’s rights remains hereafter to be considered.
The first question that arises is whether without such provision the plaintiff had not a right to set-off.
In all the cases already referred to, where a party to whom *369 a demand was due from a debtor, either an individual or corporation,- at the time of the transfer of his or its interest in a claim against such a party to a receiver, or the assignee of a bankrupt or insolvent was allowed to set off such demand against such claim, the decision was put upon the ground that such right of set-off was an equitable defense pro tcmto&t the time of the appointment of the receiver, or assignment to such assignee, and that such receiver not being a purchaser for a valuable consideration, took subject to such equity. But when such ■demand was not due at the time of such assignment, unless the two claims were connected together by positive agreement, a future right of set-off, when either should become due, was not an equitable defensethey were merely reciprocal demands against each other (Myers v. Davis, 22 N. Y. 493). A subsequently acquired right of set-off must, therefore, where there are no other equities, depend upon positive statutes, unless the two demands are linked together, during the whole time the credit upon them is running, by an agreement.
It was thus held in Haxton v. Bishop (3 Wend., 31), where the plaintiff was the receiver of a bank, and it was held that he represented the creditors, and not the corporation, and that the claim sued for by him was the property of the former. Some fault is found with this position in the case of Yan Waganen, Receiver v. The Paterson Gas Company (upi sup.), as deviating from the principles laid down in other cases, that receivers are not purchasers for a valuable consideration; but that doctrine is only invoked in reference to equities existing at the time of the appointment, and could not affect a perfectly legal transfer, of title of one debt, which destroyed the mutuality of both before any equity could arise, and thereby prevented its being created.
The same principle has been adopted in regard to voluntary assignments by insolvent debtors (Chance v. Isaacs, 5 Paige, 592; Hicks v. McGrorty, 2 Duer, 295; Myers v. Davis, 22 N. Y., 489); and even in the case of deceased insolvents (Bradley v. Angel, 3 N. Y. [3 Comst.], 415). Set-offs are allowed by statute against an assignee only when admissible against the assignor, while he owned the subject of the action (2 Rev. Stat, 354, § 18, subd. 89), and no exception is made in it by reason of the consideration for the assignment.
*370 It still remains to be seen, however, whether this is a case of mutual debts or credits, under the provision of the revised statutes authorizing trustees of certain kind of debtors to allow set-offs (2 Rev. Stat., 47 § 36). In order to reach that question I must assume when such provision is construed as conferring a right on the creditors therein referred to, to make, as well as giving permission to trustees to allow, a. set-off in such cases as is therein prescribed, it still remains so much a part of the powers of such trustees as to be conferred by other provisions of such statutes (2 Rev. Stat., 464, § 42; Id., 469, § 68 and 74), upon such receivers, as seems to have been held in Holbrook v. Receivers American Insurance Company (ubi sup.), and also that the plaintiff was a creditor of the company in question within the meaning of the prior 33d section (2 Rev. Stat., 47). Mutual debts have been defined to be those existing cotemporaneously in favor of each party against the other in the same capacity (Murray v. Toland, 3 Johns. Ch., 569; Dale v. Cooke, 4 Id., 11). Mutual credits, where each party has trusted the other or given him or them credit (Dale v. Cooke (ubi sup.); Duncan v. Lyon, 3 Johns. Ch., 351; Jones v. Robinson, 26 Barb., 310; In re Van Allen, 37 Id., 229). Such provision, however, has been held to 'extend beyond the set-offs allowed by the general statute, and include those for unliquidated damages (Holbrook v. Receiver American Insurance Company, ubi sup.), and (by applying the doctrine of equitable set-off in case of insolvency) when only one of the claims was due (Tb.; and Berry v. Brett, 6 Bosw., 627; In re Yan Allen, ubi sup), but does not seem to have been stretched so far in any case as to include cases where both debts were not due or credit had not expired upon the transfer to a receiver. I apprehend that it was not intended by such provision to alter the contract of the parties so as to shorten the time of credit on both sides and allow one party to commence proceedings substantially to procure the satisfaction of his demand before it becomes due (Keep v. Lord, 2 Duer, 78). Since he would have as much right, under such a construction of that provision, to insist on the set-off the moment the receivers were appointed as by waiting until the time of- either credit first expired under such statutory provisión, no question can arise as to the want of any consider *371 ation proceeding from the receivers for the demand assigned to them, it is a. pure question of construction of its words.
The English bankrupt act has a similar provision, using the words “ mutual credits” (5 Geo. 2, chap. 30, § 28, 6 Geo. N. C., 16), and in all cases where the demand ought to be set-off and not accrue until after the bankruptcy, the right of set-off was refused. Thus premium notes held by an underwriter were excluded in an action by the assignees of the bankrupt, insured for a loss accruing after the bankruptcy and policy of insurance given by such underwriters (Glenmire v. Edmunds, 4 Taunt., 775). Moneys paid by a surety for a bankrupt after his bankruptcy (Samson v. Benton, 2 Brod. & B., 89). And so strictly was such statute construed that even costs awarded to a bankrupt before his bankruptcy were held not to be capable of being set off against a claim against him due before his failure, because they were not taxed until afterward (Exp. Rhodes, 15 Vesey, 599). I cannot, therefore, see any reason for construing the same language in our statute differently.
Indeed I see no reason for straining the meaning of the statute so as to give one creditor of the company represented by the defendants a preference over others. As was well said in the matter of Van Allen (ubi sup.), “ the rights of the receiver become fixed at the time of his appointment, the rights of the creditors of the corporation represented by him then attach, and it would not be equitable to countenance any subsequent arrangement to give any of them are undue a preference over others.”
I do not regard the stipulation in the policy of the' company to pay the loss after deducting the premium note, if unpaid, as being intended for the benefit of any one but themselves. They might pay the whole claim and afterward sue the note or deduct it when they paid the loss before it was due. But the credit, if it may be so called, on either the policy or the note, was not made by such stipulation to depend upon each other, so as to make it a case of mutual credits, particularly as to the note, as it was payable, although no loss ever occurred.
It does not’appear by the newspaper memorandum of a case just decided by the supreme court in this district (Dord & Co. v. Receivers of Col. Ins. Co., December, 1866), handed to me in this case, whether the losses claimed by the petitioner did not occur and were not liquidated before the appointment of *372 the receivers. But it seems to have been a mere application to allow the receivers to make the set-off, and the order only-permits the receivers to make the set-off; but in case they refuse the plaintiff is “ to have the benefit of the order” in an action which seems to have been pending. The learned judge (Imbaham) who passed upon the question admits that it may be difficult at the circuit in an action to recover the face of the note and which, therefore, must have been brought by - the receivers, to allow such a set-off* when the case is tried by a jury. No authority is cited, nor does the report contain any reasoning to show that if neither of the claims were due when the receivers were appointed it was a ease of mutual credit.* With all due deference, therefore, for the learning and ability of the justice who decided that case, I am compelled to abide by the opinion I have formed until better advised, that the present plaintiff cannot sustain his present action under the facts presented.
There must be judgment for the defendants on' the demurrer with liberty to the plaintiff to amend on payment of costs.

 The petitioner in this case insured in the Columbian Insurance Company, and gave premium notes. The company having failed, the receiver commenced suit on these notes. The petitioners, on the other hand, had claims against the company to nearly the extent of their notes. Fearing, however, that they could not properly set up these claims in the action, they petitioned the supreme court to compel the receiver to allow them as a set-off. It was argued in opposition to the motion that these claims did not arise until after the dissolution of the company, and were, therefore, not proper offsets against the receivers.
A. W. 8peir, for petitioners.
Dudley Meld, for respondents.
Ingraham, J.—I think the doctrine of equitable set-off where mutual credits have existed applies to these cases; that the claims of the petitioners should be allowed against the notes given to secure the premiums on the insurance. Interest should he allowed on both sides from the time when the payments are due. It is suggested that, in the action now pending, the decision of this question should he made at the circuit. It may he difficult at the circuit in an action to recover the face of the notes—to allow such a set-off— when the case is tried before a jury; at any rate, permission should be given to the receivers to make such a set-off. As they do not admit the amounts claimed by the petitioners, a reference might be necessary to adjust the accounts of both parties. An order should be entered allowing the receivers to make such adjustment, and allow such set-off. If they refuse, and go to trial in the action referred to, the parties may then have the benefit of this order.