MOSSELMAN, appellant, v. CAEN.

*Bankruptcy — effect of proceedings in foreign court — title to bankrupt's estate*
*Pleading — what are not facts sufficient to constitute cause of action.*

Plaintiffs brought action as assignees in bankruptcy of S. & Co., a Belgian firm which had been declared bankrupt by a Belgian court, to recover from defendant, a resident of New York, the value of property alleged to have been fraudulently obtained from S. & Co. *Held*, that a complaint averring such facts did not show title in plaintiff, and it was properly dismissed, on motion, as not stating "facts sufficient to constitute a cause of action."

It seems that the courts of this State will not recognize or enforce a right or title acquired under a foreign bankrupt law or foreign bankrupt proceedings, so far as affects property within the jurisdiction of the courts of this State, or demands against residents of this State.

APPEAL by plaintiffs for a judgment dismissing the complaint with costs to defendant. The action was brought in April, 1859, by Isidore Mosselman and Constant Poelaert against Meyer Caen. The plaintiffs claimed as assignees of the estate of Sichel & Co.,

of Belgium, who had been declared bankrupt by a decree of the Tribunal of Commerce of the city of Brussels, made September 25, 1856. Defendant was a resident of New York, and this suit was instituted to recover the value of certain goods which, it was alleged, defendant had fraudulently procured from Sichel & Co. from May 1, 1855, to August 13, 1856. The defendant put in an answer denying certain allegations of the complaint. At the trial the complaint was dismissed, on defendant's motion, on the ground that it did not state facts sufficient to constitute a cause of action. Plaintiffs appealed.

*John B. Fogerty, Malcolm Campbell* and *C. L. Spilthorn,* for appellants. The defendant failing to demur could not object to plaintiffs' right to maintain the action. Code, §§ 144, 148; *Fulton Fire Ins. Co.* v. *Baldwin,* 37 N. Y. 648; *Patchin* v. *Peck,* 38 id. 39; *Donnell* v. *Walsh,* 33 id. 43, 44; *Robbins* v. *Wells,* 18 Abb. 191; *Lee* v. *Wilkes,* 27 How. 341; *Eaton* v. *Balcom,* 33 id. 80. The plaintiffs, as foreign trustees, had a right to sue. *Hoyt* v. *Thompson,* 5 N. Y. 320, 341; *Johnson* v. *Hunt,* 23 Wend. 87; *Abraham* v. *Plestoro,* 3 id. 538; Story's Conflict of Laws, §§ 419–421.

*A. J. Vanderpoel, Kaufman & Foster,* and *L. & S. N. Sanders,* for respondent. No title vested in plaintiffs by the foreign adjudication in bankruptcy. *Willitts* v. *Waite,* 25 N. Y. 586; *Harrison* v. *Sterry,* 2 Curtis, 272; *Baldwin* v. *Hale,* 1 Wall. 223; *Kelley* v. *Drury,* 9 Allen, 27; *Johnson* v. *Hunt,* 23 Wend. 100.

DAVIS, P. J. On the trial of this case the plaintiffs offered to prove all the complaint, to which the defendants' counsel objected, on the ground that the plaintiffs claiming as foreign trustees, appointed by a foreign court, had no right to maintain this action, which objection was sustained, and plaintiffs excepted. Subsequently the defendant moved to dismiss the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action. The court granted the motion and dismissed the complaint, to which plaintiffs excepted.

It is obvious that the only point determined by the court below was that raised by the specific objection, to wit: that the trustees in this case have no right to maintain the action. It would not be right, therefore, if this court deemed the other grounds now

asserted by the counsel for the respondent to be well taken, to affirm the judgment upon them because, if they had been put forward in the court below, it does not appear that amendments of the complaint, sufficient to have obviated such objection, would not have been allowed.

It is true, as insisted by appellants' counsel, that the point on which the court disposed of the case might properly have been taken by demurrer; but it is not of the class that is to be deemed to have been waived unless so taken. Code, § 148. A complaint must always show title in the plaintiff of the subject-matter of the action or such an interest therein as indicates them to be proper parties to the litigation; otherwise it fails to "state facts sufficient to constitute a cause of action" in favor of plaintiffs against defendant. *Davis* v. *Mayor of New York*, 14 N. Y. 526; *Greene* v. *Breck*, 10 Abb. 43; *De Witt* v. *Candler*, 11 id. 459. These cases hold, substantially, that a failure to show in the complaint the title or interest above suggested leaves such complaint open to the objection that it does not state facts sufficient to constitute a cause of action; and that the objection on that ground may be raised at the trial, as well as by demurrer.

The plaintiffs show themselves, by the averments of the complaint, to be trustees in bankruptcy of the firm of Sichel & Co. The members of that firm were residents of, and subject to the laws of, the kingdom of Belgium, and were adjudged bankrupts in proper proceedings for that purpose, in the Tribunal of Commerce of the city of Brussels. As such trustees the plaintiffs claim to recover the value of property alleged to have been fraudulently and tortiously obtained from said bankrupts. It is not distinctly averred whether the bankruptcy of Sichel & Co. was voluntary or involuntary (in the sense in which those terms are used in the courts of bankruptcy of the United States); but it is assumed by the appellants that they were voluntary bankrupts.

It seems to be the settled law of this State that our courts will not recognize or enforce a right or title acquired under a foreign bankrupt law or foreign bankrupt proceedings, so far as affects property within their jurisdiction or demands against residents of the State. See *Mosselman* v. *Caen*, 34 Barb. 66; *Abraham* v. *Plectoro*, 3 Wend. 538; *Johnson* v. *Hunt*, 23 id. 87; *Holmes* v. *Remsen*, 20 Johns. 229; *Willitts* v. *Waite*, 25 N. Y. 577; *Hoyt* v. *Thompson*, 19 id. 224, 225; 2 Kent's Com. 406, 407; *Hoyt* v.

*Thompson,* 5 N. Y. 320; *Harrison* v. *Sterry,* 5 Cranch, 298; *Ogden* v. *Saunders,* 12 Wheat. 213; *Harrison* v. *Sterry,* 2 Curtis (U. S.), 272. The distinction between cases of voluntary and involuntary bankruptcy does not seem to have been considered important, perhaps because in either case the transfer of title is by operation of law, or by adjudication of the courts. We feel bound by the rule laid down in the various cases, and if any such distinction as that relied upon by the appellants is to be made, it should come from the court of last resort, upon whose authority it will be final. The judgment should be affirmed.

DANIELS and BRADY, JJ., concurred.

*Judgment affirmed.*