HENRY J. THIEM, APPELLANT, *v.* JANE MADDEN AND OTHERS, RESPONDENTS.

*Costs — the defendant is entitled to costs where the court has jurisdiction over the parties, but none over the subject of the action.*

Where in an action brought in a County Court it is decided that although the court has jurisdiction over the parties, it has none over the subject of the action, the defendant may have the costs taxed in his favor.

APPEAL from an order of the County Court of Monroe county, denying a motion by plaintiffs to set aside the taxation of costs and vacate a judgment in favor of defendants for costs, entered on an order of the said court, dismissing the plaintiff's complaint on the ground that the court had not jurisdiction of the subject-matter of the action.

The action was brought in the County Court of Monroe county, to recover the possession of a piece of land situate in the city of Rochester.

The defendants answered denying the complaint, setting up the defense of the statute of limitations and adverse possession.

On the trial in the County Court, the jury was directed to find a verdict for the defendants, on the ground that they had acquired a title to the premises in question by adverse possession, and the jury found accordingly. The question of jurisdiction was not raised. The plaintiff moved for a new trial on the judge's minutes, and the court denied the motion, without costs, on the ground that the court had no jurisdiction of the subject of the action.

The defendants' attorney entered judgment for costs; plaintiff's counsel moved to vacate the judgment and allowance of costs, on the ground that the court not having jurisdiction of the subject-matter, and defendant's counsel not having raised the question of jurisdiction by demurrer, or otherwise, costs were not recoverable.

*W. E. Edmonds* and *H. D. Tucker*, for the appellant.

*John M. Davy*, for the respondents.

HARDIN, J. :

Omission to demur does not waive the objection to the jurisdiction of the court. Such an objection may be raised at any time during the trial. (Code of Civil Procedure, § 499; Code, § 148; *Burnham* v. *De Bevorse*, 8 How., 159; *Budd* v. *Bingham*, 18 Barb., 494; *Volarino* v. *Thompson*, 3 Seld., 576; *People* v. *Banker*, 8 How. Pr., 258; *Mosselman* v. *Caen*, 1 Hun, 648; S. C., 21 How., 248; S. C., 34 Barb., 66; *King* v. *Poole*, 36 Barb., 247.)

Upon the trial of this action the County Court had "power to decide the question of its own jurisdiction or its right to proceed," and having made a decision to the effect that it had not jurisdiction, and that, therefore, judgment should go against the plaintiff and in favor of the defendants, the defendants upon entering such judgment, in virtue of the statute as to costs, were entitled to their costs and to enter the same in the judgment, and the County Court properly refused to vacate the judgment and properly allowed the same to stand, so that the defendants in virtue thereof, could collect their costs. (*King* v. *Poole*, 36 Barb., 242; *Cumberland Coal Iron Co.* v. *Hoffman Steam Coal Co.*, 39 id., 16; *Rugen* v. *Collins*, 8 Hun,

384; *Cregin* v. *Brooklyn Crosstown R.R. Co.*, 19 id., 349; *Humiston* v. *Ballard*, 63 Barb., 11.) *King* v. *Poole* (*supra*), contains a sufficient criticism of *Gormly* v. *McIntosh* (22 Barb., 271), and *Malone* v. *Clark* (2 Hill, 658), to excuse us from further comment upon the statements found in them.

We are satisfied that the weight of authority accords with the decision made below.

The order should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and HAIGHT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.