ALBANY,
Dec. 1832.

Townsend
v.
Lawrence.

---

### I. & J. Townsend *vs.* Lawrence and others.

A rule of this court *ordering a discovery* of books, papers and documents, is a substitute for a *bill of discovery* in chancery; the remedy extends to *all evidence of a documentary nature* relating to the merits of a suit, whether on the part of the prosecution or defence.

Costs of such applications will be allowed where the discovery has been sought of the party and refused; but not otherwise.

December 6.

THE plaintiffs moved for a rule that the defendant produce and deposit with the clerk of the county, in which the venue in this case is laid, certain papers. The action is assumpsit, against the defendants as members of an unincorporated association or joint stock company. The declaration contains only the general counts in *indebitatus assumpsit*. The papers, the discovery of which are sought, are the original articles of association, and certain letters written by some of the associates to others of the association authorizing a subscription to the stock of the company; they are wanted to enable the plaintiffs to shew on the trial of the cause that the defendants are members of the company who contracted the debt with the plaintiffs.

It was objected that the declaration being general, not founded on any written contract, and the plaintiffs not shewing any interest in the papers, the production of which was sought, were not entitled to the discovery asked; that the defendants could not be compelled to furnish matters of evidence to the plaintiffs.

For the plaintiffs, it was insisted, that by a *bill of discovery* in chancery, the defendants might have been compelled to answer as to the matters of which a discovery was now sought by rule of court, and if they had answered that the papers in question were in their possession, an order would have been made for their production. That the granting of a rule in these cases was intended as a substitute for a bill of discovery.

*J. M'Kown,* for the plaintiffs.

*J. Edwards,* for the defendants.

ALBANY,
Dec. 1832.

Townsend
v.
Lawrence.

*By the Court,* SAVAGE, Ch. J. In *Lawrence* v. *The Ocean Insurance Company,* 11 *Johns. R.* 245, *note,* a rule was granted for the plaintiff in an insurance cause to produce the correspondence between the master or supercargo of a vessel having goods on board insured, and any other person or persons relating to the ship, cargo and voyage. In *Willis* v. *Bailey,* 19 *Johns. R.* 268, the court declare the principle upon which they proceeded in *Lawrence* v. *The Ocean Ins. Co.,* viz. that the necessity of the rule to enable the parties to defend themselves was fully shewn, and that the defendants on a bill of discovery would be entitled to the information sought. In *Willis* v. *Bailey,* an order to produce certain papers was vacated, and the court say, " that if the party has in his possession any letters or papers, they are mere items of evidence, and the party is not bound to furnish mere matters of evidence to his adversary, which evidence in itself does not constitute a cause of action. But this decision is reviewed in *Wallis* v. *Murray,* 4 *Cowen,* 401, and the broader ground taken in *Lawrence* v. *The Ocean Ins. Co.* approved, viz. that the party is entitled to a rule for the production of the paper, when on a bill of discovery he could obtain what he asks for, and the paper is necessary to enable him to proceed in his cause with safety. The principle of these decisions has been sanctioned by the legislature, and this court is expressly authorized to compel a party to a suit to produce and discover books, papers and documents in his possession or power, *relating to the merits of such suit or the defence thereof,* and to prescribe by general rules the cases in which such discovery may be compelled ; the only limitation imposed being, that the court in compelling discovery shall be governed by the principles and practice of the court of chancery. 2 *R. S.* 199, § 21, 22. In conformity with this requirement of the statute, the court have established rules for such cases ; and by the 28th rule of January, 1830, have provided that after issue joined in any action, either party may be compelled to produce and discover all such books, papers

ALBANY,
Dec. 1832.

and documents as may be necessary to enable the party applying for such discovery *to prepare for the trial* of his cause. According to the principles and practice of the court of chancery, a bill called a *bill of discovery* may be filed for the discovery of facts in the knowledge of an adverse party, or of deeds or writings, or other things in his custody or power; and is usually employed to enable the complainant to prosecute or defend an action, 1 *Madd. Pr.* 160, 2 *Vesey,* 398; and if deeds, letters or other writings are referred to in an answer, the same will, on the plaintiff's motion, be ordered to be left with an officer of the court for the inspection of the complainant or his counsel. 2 *Madd. Pr.* 299. 3 *P. Wms.* 364. 11 *Vesey,* 42. 14 *Vesey,* 214. 1 *P. Wms.* 775. The object of the statute was to substitute the rule of court in the place of a bill of discovery, where the evidence, of which a discovery is sought, is of a documentary nature; and the remedy is not confined to cases where the evidence in itself constitutes a cause of action, but extends to all books, papers and documents relating to the merits of the suit or defence.

The costs of motions of this kind will depend upon this principle; if a party is entitled to a discovery, and goes first to his adversary to ask for the documents he has in justice a right to, and is refused, and is compelled to move the court, he will be allowed the costs of his motion; but if he makes his motion without first trying to get the discovery in that way, in which men acting with each other ought first to ask their rights, he will be ordered to pay costs. The motion in this case is granted.