Gardiner, Ch. J.
 

 The revised statutes declare
 
 “
 
 that the supreme court shall have power in such cases as shall be deemed proper, to compel any party to a suit pending therein, to produce and discover books, papers and documents in his possession or power, relating to the merits of any such suit, or of any defense therein.” (2
 
 R. S.
 
 199, § 21.) The twenty-sixth section provides for the case of a party neglecting or refusing to obey an order for such discovery, and among other things, authorizes the court to strike out any plea or notice that may be given. The first section of the act of 1841, “ to enlarge the powers of certain courts of record,”
 
 (Laws of
 
 1841, § 22,) declares that the superior court shall possess and exercise in all cases pending before it, the same powers granted to the supreme court by the revised statutes, to compel the discovery and the production of books,
 
 *573
 
 papers and documents, in cases pending before that court.” By the twenty-third section of the revised statutes,
 
 “
 
 to entitle a party to any such discovery, he shall present a petition, verified by oath, upon which an order may be granted by the court for such discovery, or. that the other party show cause why the discovery should not be granted.” In the case before us, the plaintiff presented his petition to the superior court, by which an order was granted for the discovery sought, which was subsequently modified at the general term, and made peremptory upon the defendant; and upon his
 
 neglect
 
 to comply with its provisions, an order was made that he show cause why his answer should not be stricken out, which was afterwards made absolute, after hearing the defendant in opposition.
 

 ' It will be perceived that the proceedings upon the part of the plaintiff were in exact conformity to the requirements of the 23d section above quoted, and that the preliminary order of the court to show cause, and the final order striking out the answer of the defendant, were in like manner expressly authorized by the 23d and 26th sections of the same statute. There is, therefore, no objection to the mode in which the discovery was sought or the relief was granted, if the superior court had jurisdiction to act at all in the premises. It is claimed that the 22d section of the act requires,
 
 “
 
 that the supreme court shall, by general rules, prescribe the cases in which such discovery may be compelled.” This is true. But the omission to frame rules does not annul the inherent power of the court to compel a discovery, or the power granted by the previous section ; but the general rules were designed to regulate its exercise. (11
 
 John. R.
 
 245 ; 9
 
 Wend.
 
 458.) Jurisdiction does not depend upon the rule, but the rule is a consequence of the jurisdiction. By the act of 1841,
 
 (supra,)
 
 the superior court
 
 “
 
 possess and may exercise” all the powers granted to the supreme court. The authority thus granted is not suspended until rules are established by the supreme court, but may be exercised in all cases where the mode of proceeding is prescribed by statute. Such is the case before us. The* 388th section of the code is not a substitute for the provi
 
 *574
 
 sions of the revised statutes, but auxiliary to them. By the previous statute, the court was restricted to the remedies there provided, where a discovery was refused by a party, against whom an order for that purpose had been granted. But, by the code, power is given to exclude the document from being' given in evidence, or to punish the party refusing, or both.
 
 {Code,
 
 § 388.)
 

 There is no error in the final judgment of the superior court, or in the intermediate order which led to it. It must therefore be affirmed.
 

 Ruggles, Parker, Edwards, Allen and Selden, Js., concurred.
 

 Denio and Johnson, Js., dissented.
 

 Judgment affirmed.