Condict v. Wood.

EDWARD CONDICT *v.* WILLIAM N. WOOD.

1. On an application for an order granting permission to take a copy of books, papers, or documents, in possession of the opposite party, under the sixth and seventh sections of the act concerning evidence, approved April 5, 1855, (*Nix. Dig.* 887) the petition should state that the book, paper, or document, of which a discovery is sought, contains evidence relating to the merits of the action or proceeding, or of the defence, and should also state some facts or circumstances from which the court can judge of the materiality of the evidence and the propriety of ordering a discovery.

2. If the application is denied costs will be allowed; and if the order is granted costs will be allowed to the party applying, provided he had, before making the application, requested his adversary to give him the documents sought for, and had been refused; if the party applying do not first make such request, he will be ordered to pay costs.

An application was made, under the act, concerning evidence, approved April 5, 1855, *Pamph L.* 1855, *p.* 668, by the plaintiff in this case, for an order upon the defendant to give to the plaintiff's attorney an inspection and copy, or permission to take a copy, of an ageeement alleged to be in the defendant's possession.

Argued at November term, 1855, before Justices OGDEN, VREDENBURGH and RYERSON; *Vanatta*, for plaintiff; *Whelpley*, for defendant.

RYERSON, J. This is an application under the sixth and seventh sections of the act concerning evidence, approve*** April 5, 1855. *Nixon's Dig.* 887.

The action is brought to recover contribution, on the ground, that the plaintiff had paid off five joint and several promissory notes, one made by the plaintiff and defendant the other four made by them and Joseph Cutler. The plaintiff presents a petition, verified by the oath of his attorney, stating the ground of the action, and that the defendant has in his possession an agreement, made by the plaintiff and Cutler with the defendant, by which they agreed with him to pay a certain proportion of these notes, or some of them, but of which, or what proportion, the petitioner cannot recollect; that the agreement was left with the defendant, and is now in his possession, that the plaintiff has no copy of it, nor a distinct recollection of its contents; that his attorney, since the commencement of the action, applied to the defendant for a copy, or an inspection of the agreement, which was refused, and that the petitioner is advised by his counsel that an inspection and copy of this agreement are important and

necessary for him in preparing the cause for trial, and trying the same. The petition prays for an order upon the defendant to give to the petitioner's attorney an inspection and copy, or permission to take a copy, of the agreement.

It also appears, by the deposition of the plaintiff's attorney, taken in pursuance of due notice, that in the month of May or June last, and since the action was commenced, the defendant admitted to him that he had in his possession this agreement, and refused upon request made, to exhibit it to the attorney, or give him a copy, and that either he at that time, or his attorney on another occasion, alleged it to be material to his defence.

The act authorizes the court, in its discretion, to exercise the power of compelling a discovery in all cases where the book, paper, or document contains evidence relating to the merits of the action or proceeding, or of the defence thereto. It rests in the discretion of the court, but it should be a sound legal discretion governed by some principle.

A law somewhat similar was enacted in New York several years ago, providing, however, that in granting a discovery, " the court shall be governed by the principles and practice of the Court of Chancery in compelling discovery, except that the costs of such proceedings shall always be awarded in the discretion of the court." The New York code, as amended in 1849, contains a provision agreeing substantially with the sixth section of our act, giving the same discretion to their courts as ours gives. In practising under the code, their courts have limited the discretionary power as it was formerly limited by statute. Our act was intended to save the delay and expense of filing a bill in chancery for discovery, and it will be judicious to limit the discretion of the court, as it has been in New York, to those cases where a court of chancery would compel discovery.

The petition should not only state that the book, paper, or document, of which a discovery is sought, contains evidence relating to the merits of the action or proceeding, or of the defence, but should also state some facts or circum stances from which the court can, independent of the party's oath, judge of the materiality of the evidence and the propriety of ordering a discovery. This is the rule in New York, and we deem it a very proper one for this court to adopt in settling the practice lest the power be perverted to mischievous purposes. *Moore* v. *McIntosh*, 18 *Wend.* 529; *Stanton* v. *Ins. Co.*, 2 *Sand. S. C. R.* 662 ; *Gelston* v. *Marshall*, 6 *Pr. R.* 398.

The rule in chancery as to the cases in which a bill for discovery will lie, is well settled, and, so far as is material to the present application, is summed up by Story, on 'he authority of Wigram, in two propositions.

" (1) It is the right, as a general rule, of a plaintiff in equity to exact from the defendant a discovery upon oath as to all matters of fact, which, being well pleaded in the bill, are material to the proof of the plaintiff's case about to come on for trial, and which the defendant does not by his form of pleading admit. (2) The right of a plaintiff in equity to the benefit of the defendant's oath is limited to a discovery of such material facts as relate to the plaintiff's case, and does not extend to the discovery of the manner in which the defendant's case is to be exclusively established, or to evidence which relates exclusively to his (the defendant's) case. These propositions seem equally true, whether the bill be for discovery only, or for discovery and relief." *Story's Eq. Pl.* § 572 ; *Wigram on Discov.* 56, § 11.

Daniel says, " the right of a plaintiff in equity to the benefit of the defendant's oath is limited to a discovery of such material facts as relate to the plaintiff's case, and does not extend to a discovery of the manner in which, or of the evidence by means of which the defendant's case is

to be established, or to any discovery of the defendants's evidence." 1 *Dan. Ch. Prac.* 646 (*margin*) 2*d Am. ed.*

Applying these rules to the case before us, the application must be denied. The petition does not state that the paper of which a discovery is sought contains evidence material to enable the plaintiff to maintain his action, nor does it state any facts from which the court can infer that it contains such evidence; but, on the contrary, the fair inference to be drawn is that it contains evidence material only to the defence. If the plaintiff has paid off the notes in question, as alleged, *prima facie* he would be entitled to recover back of the defendant one half of the one made by these parties, and one third of the other four which were made by them and Cutler.

The petition states that the agreement in question was signed by the plaintiff and Cutler, not by the defendant, and was an agreement with the defendant fixing the proportion of these notes to be paid by them ; not being signed by the defendant, it cannot, so far as appears to the court, charge him with the payment of any greater proportion of the notes than by law he would *prima facie* be bound to pay, and being an agreement made by them with the defendant, and held by him, and alleged by him to be material to his defence, the fair inference is that thereby they agreed with the defendant to pay a greater proportion of the notes than by law they would *prima facie* be bound to pay, thus reducing the amount which the plaintiff would otherwise be entitled to recover.

The application is denied, but without costs; the practice being a new one, the plaintiff's attorney might have supposed the case was within the intention of the act, and, having made the application in good faith, costs ought not to be allowed.

The courts of New York have adopted the following rule, as to costs, in such cases.

"The costs of motions of this kind will depend upon

this principle : if a paity is entitled to a discovery, and goes first to his adversary to ask for the documents he has in justice a right to, and is refused, and is compelled to move the court, he will be allowed the costs of his motion; but if he make his motion without first trying to get the discovery in that way in which men acting with each other ought first to ask their rights, he will be ordered to pay costs." Townsend v. Lawrence et al., 9 Wend. 458.

This rule is a just one, and costs should be allowed in future if the application be desied.

OGDEN and VREDENBURGH, Justices, concurred.