## THOMAS ELY *vs.* EZEKIEL F. MOWRY.

The respondent to a bill in equity asked the court to appoint some disinterested person, and to put into his custody a paper held by the complainant, purporting to be a receipt, with permission to the respondent to inspect, test, and photograph the paper in the absence of the complainant.

The affidavit supporting this request stated that it was essential to the respondent's defence for him to inspect and test the paper apart from the complainant or any one representing him. The respondent's answer to the bill of complaint simply denied having given the receipt.

*Held,* that the request must be refused.

BILL IN EQUITY for an injunction and an account. On the respondent's petition for a special order. The petition is as follows:

" Respectfully represents said Ezekiel F. Mowry, defendant in said cause: That in the preparation of his defence to said complainant's bill, it is absolutely essential that he have access to the so-called receipt in complainant's bill set out, with full opportunity, apart from the complainant or any one representing him, to inspect and test the same as he may be advised. That for this purpose it is necessary that either some disinterested person have possession of the same, and that this defendant have a fac-simile copy of the same in his possession.

" Wherefore he prays that some disinterested person may be appointed to hold said receipt, with leave to this defendant at all reasonable times and manner to have free access to and opportunity to inspect or test the same, and that this defendant may be

allowed to have photographic copies made of the same, and for such other relief as to the court may seem meet.

EZEKIEL F. MOWRY.

"Providence, July 1, 1879.

"Then and there subscribed and sworn to by said Ezekiel F. Mowry.

"Before me,         JAMES TILLINGHAST,<br/>*Justice of the Peace.*"

*March* 6, 1880. MATTESON, J. The defendant applies by petition, under oath, for the appointment of some disinterested person to hold a receipt, purporting to be for money paid by the defendant to the complainant, set forth in the bill, with leave for him to have free access and opportunity at all reasonable times to inspect or test it, and to have photographic copies of it made. He alleges in the petition, that it is absolutely essential in the preparation of his defence to have such access and opportunity to inspect and test the receipt apart from the complainant, or any one representing him.

It appeared at the hearing that the receipt was in the possession of the complainant's solicitor, to whose custody it had been committed by the court at the conclusion of the hearing on the petition for a preliminary injunction, and also that the complainant and his solicitor did not object to the inspection of the receipt by the defendant or his solicitor in the presence of the complainant's solicitor, or to their taking written copies of the same.

The production and inspection of documents in the hands of the adverse party, both in suits at law and in equity, is obtained and regulated in this State by Gen. Stat. R. I. cap. 203, § 44.[1]

---

[1] As follows: "SEC. 44. Whenever either party to any proceeding at law or equity in the Supreme Court, or to any proceeding at law in the Court of Common Pleas, shall set forth in writing, under oath, upon his knowledge or belief, that the opposite party is in the possession or control of some document to which the applicant is entitled, such court or a justice may order such opposite party, or if the same be a body corporate, then some officer thereof, to make answer on oath, at or before a time to be fixed in said order, as to what document he so has, relating to the matter in dispute between the parties, or what he knows as to the custody of such document, and if in his possession or control, whether he objects to the production of the same, and the grounds of such objection, and thereupon such court or justice may require the produc-

The provisions of this statute are similar to those contained in the 14 & 15 Vict. cap. 99, § 6, and the 17 & 18 Vict. cap. 125, § 50, which conferred upon the superior courts of common law in Great Britain and Ireland the equitable power to compel the production and inspection of documents relating to the matter in dispute. The courts of common law had, however, before the passage of these acts, exercised the power of granting the inspection of documents material to the case. These statutes are therefore to be considered rather as declaratory, than creative, of their jurisdiction, in this respect. Powell on Evidence, § 293 ; *Richey* v. *Ellis*, Alc. & Nap. 111 ; *Woolmer* v. *Devereux*, 2 M. & G. 758 ; *Thomas* v. *Dunn*, 6 M. & G. 274 ; *Hilyard* v. *Township of Harrison*, 37 N. J. Law, 170, 173. But when a document is produced for inspection under an order of the court, the court will not compel the impounding of it, or the depositing of it with an officer of the court or a third person. The owner is allowed to retain the possession of it, the order merely permitting its inspection in his hands, or in the hands of his attorney, by the opposite party, or by witnesses. Wharton on Evidence, § 749 ; *Hilyard* v. *Township of Harrison*, 37 N. J. Law, 170, 174. The only case which has come to our notice, in which a document has been taken from the custody of the party to whom it belonged, is *Richey* v. *Ellis*, Alc. & Nap. 111, in which, on the affidavit of the defendant, who was sued as acceptor of a bill of exchange, that he believed that the acceptance in his name written upon the bill was forgery, the order was made that the bill of exchange be lodged with the prothonotary of the court, with liberty for the defendant *only* to inspect the same, and that after such inspection it should be returned to the plaintiff or his attorney.

In *Hildyard* v. *Smith*, 1 Bing. 451, on the contrary, a rule upon the plaintiff having been obtained to show cause why a bill of exchange upon which the suit was brought should not be impounded in the hands of the prothonotary, and the defendant be permitted to inspect it, to see whether it was or was not a for-

---

tion of said document, or may compel the party having the same in his possession or control to allow the applicant to inspect the same, and, if necessary, to take examined copies of the same, and may make such further order thereon as shall be just."

gery, the court discharged the rule upon the suggestion that the reason alleged for the necessity of inspection would be matter of defence at the trial.

In *Thomas* v. *Dunn*, 6 M. & G. 274, also, the defendant obtained a rule *nisi* on the plaintiff to deposit with the master the contract declared upon, with liberty for the defendant, his attorney and witnesses, to inspect it, on an affidavit that the signature to the contract was a forgery ; but the court made the rule absolute to the extent only of directing that the defendant·and his witnesses should have inspection of the document in the hands of the plaintiff's attorney, upon payment of costs. Note *a* to this case, in 46 E. C. L. *278, states that an order was afterwards made in chancery for depositing the contract with a Mr. Mangham, secretary of the Law Society, but does not state the grounds of the order, or the circumstances in which it was made.

We do not think the order prayed for should be made. It will be observed that in *Richey* v. *Ellis*, and *Thomas* v. *Dunn*, cited above, it was averred, in the affidavits upon which the rules were obtained, that the documents of which inspection was sought were forgeries. In *Boyd* v. *Petrie*, L. R. 3 Ch. App. 818, the answer of the defendants did not deny the genuineness of a deed, but merely stated that they did not know whether they had executed it. After an ordinary inspection of the deed, the defendants applied for an order allowing inspection of it by witnesses. The affidavit of the defendant's solicitor in support of the application was to the effect, that he was advised and believed it to be necessary to his clients' case, that the deed should be inspected by witnesses. There was no affidavit that the deed was forged. It was held, overruling the decision of the master of the rolls in the same case, L. R. 5 Eq. 299, that an order for inspection ought not to be made. In the present case, there is no suggestion in the answer, or in the petition, that the signature to the receipt is forged, or that the receipt has been altered since its delivery, or even of the defendant's reasonable belief of either of such facts. The answer merely denies that the defendant ever gave the receipt to the complainant. The application is, therefore, not sufficient to warrant an order for an inspection of the receipt by witnesses, much less is it to warrant an order to take it from the complainant's possession.

We think, too, the application should set forth particularly the reasons which render it essential to the preparation of the defence that the order asked for should be made, so that the court may determine whether or not the necessity exists.

Again, photographic copies of a writing or a signature, unless carefully and skilfully made, may mislead, and therefore ought not to be received in evidence unless shown to be correct representations of the original.   If photographic copies of the receipt in question were to be taken for use in the hearing on the bill, we think the complainant should have the opportunity to be present, with such persons skilled in the photographic art as he may desire, to insure the accuracy and fairness of the copies taken.                                     *Petition dismissed.*

*B. N. & S. S. Lapham,* for complainant.
*Tillinghast & Ely,* for respondent.