## KENT COUNTY.

---

JOHN J. ARNOLD *vs.* THE PAWTUXET VALLEY WATER COMPANY.

The record book of a corporation is a " document" within the meaning of Pub. Stat. R. I. cap. 214, § 45, which provides for the production of documents upon the order of court.

The court may issue an order for the production of documents whenever the applicant for the order could compel the production by a bill of discovery.

To justify the issue of such an order it is not needful for the applicant to show a property title in the document, or that the document is *absolutely* necessary in preparing his case for trial. It is enough that the applicant is fairly entitled to the document as evidence in preparing and trying his case and that such evidence is necessary to enable him fully to prosecute or defend.

ASSUMPSIT. On plaintiff's motion for an order to the defendant requiring the production of documents.

*Providence, February,* 4, 1893. TILLINGHAST, J. This is

an application under Pub. Stat. R. I. cap. 214, § 45[1] for an order on the defendant to produce a certain document alleged to be in its possession, to be used by the plaintiff in the preparation of his case for trial.

The plaintiff sets out in said application that he is informed and believes that the defendant is in the possession and control of a certain document, to wit, the book containing a record of the transactions and proceedings of the Association in the plaintiff's declaration mentioned, prior to its incorporation, and also containing a record of the transactions and proceedings of said defendant corporation since its incorporation and organization. The plaintiff further represents that it is necessary for him to examine the records contained in said book, in order to prepare said case for trial, and to furnish the bill of particulars asked for by the defendant. He therefore prays the court to order said defendant, or the treasurer, or some other officer thereof, to answer on oath as to what documents it has in its control relating to the matter in dispute between said parties, and what it knows relating to the custody of any such documents, and if any such documents be in its possession or control, whether it objects to the production of the same, and the grounds of such objection.

In response to an order to show cause, the President and Secretary of the defendant corporation have filed an answer under oath to said application, in which they say "that said

---

[1]As follows:

SEC. 45. Whenever either party to any proceeding at law or equity in the supreme court or to any proceeding at law in the court of common pleas shall set forth in writing, under oath, upon his knowledge or belief, that the opposite party is in the possession or control of some document to which the applicant is entitled such court or a justice may order such opposite party or if the same be a body corporate then some officer thereof to make answer on oath at or before a time to be fixed in said order, as to what document he so has relating to the matter in dispute between the parties or what he knows as to the custody of such document, and if in his possession or control whether he objects to the production of the same and the grounds of such objection, and thereupon such court or justice may require the production of said document, or may compel the party having the same in his possession or control to allow the applicant to inspect the same and if necessary to take examined copies of the same and may make such further order thereon as shall be just.

company is in possession and control of the 'book containing a record of the transactions and proceedings of the Association in the plaintiff's declaration mentioned prior to its incorporation,' which book also contains 'a record of the transactions and proceedings of said defendant corporation since its incorporation and organization;' that said book is the private property of said defendant, in which its records are kept and in which were kept the records of said Association; that said book is not a 'document' and that the plaintiff is not entitled to the same." The defendant therefore objects to the production of said book upon the ground that it is not a "document" in the language of the statute, and that the plaintiff is not entitled to the same.

The plaintiff's declaration which is referentially made a part of said application, sets out that the plaintiff, who is an attorney at law, rendered and performed divers legal services for the defendant both before and since its incorporation, and that it was agreed and stipulated that upon said Association becoming incorporated, it should assume and take upon itself the payment and fulfillment of all debts, contracts, obligations and undertakings contracted, entered into and undertaken by said Association prior to the organization of said corporation; and that in pursuance of said agreement and stipulation, the said corporation after its organization did assume upon itself and promise to pay the plaintiff for his services so rendered to said Association as aforesaid.

At a former hearing of said application, before a single Justice in Chambers, it was held that the plaintiff was entitled to the production of said record book for the purposes mentioned in said application, and an order was made accordingly; whereupon the defendant, upon petition, obtained leave to reargue said question before the full court, which has since been done.

The defendant contends that the record book of the defendant corporation is not a "document," within the meaning of said statute, and hence that the court has no authority thereunder, to grant the application. We do not think that said statute should receive so narrow and purely technical a con-

struction as this. Indeed to so hold, would be to render it largely useless and inoperative. For it is a matter of common knowledge that a very large proportion of the written transactions of both public and private corporations, as well as those of private individuals, are either kept in book form in the first instance, or are afterwards stitched or bound together in such form, for preservation and convenience. Suppose that a dozen title deeds should thus be put together in book form, would the book be any the less a "document," than was each individual deed before being thus brought together? We think not.

In the Revised Statutes of the United States, § 869, the following language is used, viz: "and to bring with him and produce to such commissioner any paper or writing or written instrument, or book, *or other document*," &c., thus classing a book as a document. In the case, *In re Shepard*, 3 Federal Reporter, 12, *documentary* evidence is held to include "books, papers, accounts and the like." In *Johnson Street Railway Co.* v. *North Branch Steel Co.*, 48 Federal Reporter, 191, 194, the definition of the term "document" as given by Mr. Wharton in his Law of Evidence, vol. 1, 614, was adopted. Said definition is as follows: "A document is an instrument on which is recorded, by means of letters, figures or marks, matter which may be evidentially used. In this sense the term document applies to writings, to words printed, lithographed or photographed, to seals, plates or stones, on which inscriptions are cut or engraved, to photographs and pictures, to maps and plans." "So far as concerns admissibility it makes no difference what is the thing on which the words or signs offered may be recorded. They may be . . . . on stone, or gems, or on wood as well as on paper or parchment." In *Merrick* v. *Wakley*, 8 A. & E. 170, 172, Lord Denman, C. J., refers to a book which was kept by the plaintiff as a medical officer, and contained entries of professional visits, as a "document." Mr. Stephen, Evidence, 2, 3, defines a document as "any matter expressed or described upon any substance by means of letters, figures, or marks, or by more than one of these means, intended to be used, or which may be used, for

the purpose of recording that matter." In the statute 14 & 15 Vict. cap. 99, entitled "An Act to amend the Law of Evidence," passed in 1851, it is provided that "Whenever any book, *or other document* is of such a public nature as to be admissible in evidence, &c., a copy thereof shall be admissible." See also Starkie on Evidence, 9th ed. 273, 274. The official publications of the state and national governments, although generally in book form, are denominated "Public Documents," the term being generally abbreviated *pub. doc.*

We therefore decide that a book is a "*document,*" within the meaning of the statute now under consideration.

The defendant further contends that the applicant has not shown that he is "entitled" to said book within the meaning of said statute, it not appearing that he has any *property* interest or title therein. We do not think it is necessary in order to warrant the court to order the production of a document under said statute, that the applicant should show a property title therein; but that it is enough for him to show that he is justly entitled thereto by way of evidence, in the preparation and trial of his case, and that such evidence is necessary to enable him fully to prosecute or defend the same. It is not necessary, however, to aver or show that, without the discovery sought, the plaintiff will be unable to prove his case. 2 Story, Eq. Juris. 12 ed. § 1483; *Peck* v. *Ashley,* 12 Metc. 478.

The final and principal contention of the defendant is, that, as the plaintiff has not shown that it is *absolutely necessary* for him to have access to said book in order to prepare his case for trial, his application should be denied. We do not assent to so strict a requirement. See *March* v. *Davidson,* 9 Paige Ch. 580, 584.

If, as alleged by the plaintiff, the defendant corporation assumed the debts of the Association contracted prior to the organization of said corporation; and if, as is also alleged, the plaintiff was a creditor of said Association at the time of said organization, and is now also a creditor of said corporation by reason of services rendered to it since its organization,

then, and in such case, we think he is fairly "entitled" to the production of the said record book, which presumably contains the doings of said corporation in the premises, for the purpose of enabling him properly to prepare his case for trial under the pleadings therein. Indeed, we do not well see how he can establish the fact of the assumption by the defendant corporation, of the debts of said Association, in any other way. The application provided for by said statute, (which statute is merely declaratory of the common law upon the subject, *Ely* v. *Mowry*, 12 R. I. 570, 572,) is evidently intended as a substitute for the more ancient and cumbersome method of a bill of discovery for the accomplishing of the same result; and therefore whenever the application shows a case which would entitle the plaintiff to relief under such a bill, he may have such relief under the statute, 1 Pomeroy, Eq. Juris. § 194. Thus, in Georgia, under the Judiciary Act of 1799, the Superior and Inferior Courts have power to require "either party to produce books and other writings, in his, her or their possession, power or custody, which shall contain evidence pertinent to the cause in question, under circumstances where either party might be compelled to produce the same, by the ordinary rules of proceeding in equity." In construing this act, in *Faircloth* v. *Jordan*, 15 Ga. 511, 513, the court adopted the rule laid down by Adams, in his Doctrine of Equity, which is as follows: "A defendant is also bound, if required by the plaintiff, to set forth a list of all documents in his possession, from which discovery of the matters in question can be obtained; and if the possession of such documents, and their character, as fit subjects of discovery, can be shown from the answer, he must permit the plaintiff to inspect or copy them."

In *Clifford* v. *Taylor*, 1 Taunt. 167, the defendant on application was allowed to take out a summons requiring the production of the letters and papers mentioned in his affidavit, Mansfield, C. J., stating in his opinion that "this practice of compelling the delivery of copies is very convenient, for it saves the delay and expense of a bill in equity." In *Gould* v. *McCarty*, 11 N. Y. 575, it was held that under

a statute similar to the one now under consideration in so far as the object sought to be accomplished is concerned, that the court was authorized to compel a defendant to make discovery of books, papers and documents in his possession or power relating to the merits thereof, and which are necessary to the plaintiff to enable him to *prepare* for the trial. See also *Goldschmidt* v. *Marryat,* 1 Camp. 559, 562; *Hill* v. *The Great Western Railway Co.,* 10 C. B. N. S. 148.

In *Townsend* v. *Lawrence,* 9 Wend. 458, in which the facts were quite similar to those in the case at bar, the court said: "According to the principle and practice of the court of chancery, a bill called a *bill of discovery* may be filed for the discovery of facts in the knowledge of the adverse party, or of deeds or writings, or other things in his custody or power; and is usually employed to enable the complainant to prosecute or defend an action. 1 Madd. Pr. 160, 2 Vesey, 398, and if deeds, letters or other writings are referred to in an answer, the same will, on the plaintiff's motion, be ordered to be left with an officer of the court for the inspection of the complainant or his counsel. 2 Madd. Pr. 299; 3 P. Wms. 364; 11 Ves. 42; 14 Ves. 214."

The court further said: "The object of the statute was to substitute the rule of court in the place of a bill of discovery, where the evidence, of which a discovery is sought, is of a documentary nature; and the remedy is not confined to cases where the evidence in itself constitutes a cause of action, but extends to all books, papers and documents relating to the merits of the suit or defence." See also *Post & Co.* v. *Toledo, &c. Railroad,* 144 Mass. 341; *Nieury* v. *O'Hara,* 1 Barb. S. C. 484.

Had the plaintiff in the case at bar filed a bill of discovery to obtain the production of the record book in question for the purpose set out in his application, we think he would have been clearly entitled to the relief thus sought. See 2 Story, Eq. Juris. 12 ed. §§ 1483–1501. And, as under the statute before us for consideration, the application therein provided for was intended to take the place of a bill of dis-

covery, as we have already seen, we see no reason why the plaintiff is not entitled to the same relief.

The cases cited by the defendant's counsel do not controvert in the main, the general doctrine above enunciated, but principally have to do with what it is necessary to show in the bill or application, in order to warrant the granting thereof, and also are to the effect that courts will not permit parties to merely "fish for evidence" by such a proceeding. This doctrine meets with our entire approval. An application of this sort, as said by this court in *Ely* v. *Mowry, supra*, "should set forth particularly the reasons which render it essential to the preparation of the defence, that the order asked for should be made, so that the court may determine whether or not the necessity exists." If the application shows that it is merely an attempt to "fish for evidence," or to "draw the fire" of the opposite party, for the purpose of either making a case, or of "cooking up" a defence; or to state it negatively, if it does *not* show that the applicant is fairly entitled to the evidence sought, in order to enable him to properly prepare and try his case, it should be denied. The case of *Woods* v. *De Figaniere*, 25 How. Pr. 522, which is much relied on by the defendant's counsel, was one in which the facts were very different from those in the case at bar. In that case the entries sought for were not shown to be *evidence*, but only to contain information by which evidence might be obtained. It was not alleged that they were in the defendant's handwriting, or that he was in any way privy to them. "Possibly by inspection," said the court, "the plaintiffs may discover in whose handwriting they are, and obtain their author as a witness to prove the facts contained in them . . . . . I apprehend the power of discovering the contents of a written document will hardly be stretched to cover those which only furnish information to enable the applicant to ferret out evidence or witnesses, or where it is not shown that witnesses cannot establish the same facts without the aid of such entries."

It is true that the court in that case laid down the rule now contended for by the defendant, that a discovery "is not

permitted in equity merely to enable a party to *prepare* for trial or prevent surprise," but that "it must furnish evidence to be used on the trial." This statement, however, was not necessary to the decision of the case, nor do the authorities cited in support thereof sustain the position taken. Moreover, the Superior Court of the City of New York, in the case of *Gould* v. *McCarty, supra,* had long before decided that a defendant might be compelled to make discovery of books, papers and documents which were necessary to the plaintiff to enable him to prepare for trial; and this decision had been affirmed by the court of appeals. See 11 N. Y. 575. In *Ely* v. *Mowry, supra,* the discovery was sought to aid in the preparation of the defence. In *Congdon* v. *Aylsworth,* 16 R. I. 281, the discovery was asked in order to enable the complainant "to prepare his case for trial."

The discovery of the evidence sought, in every case must necessarily precede the trial of the case in aid of which it is sought, and if, therefore, a party is entitled to the evidence to be used at the trial, we see no reason why he is not equally entitled to it to enable him to prepare for the trial. If compelled to wait for the production thereof until the trial should actually begin, more or less delay and inconvenience would necessarily result therefrom.

We think the plaintiff shows a case for relief under said statute, and we will therefore grant an order for the production of said book.

*George T. Brown,* for plaintiff.
*Dexter B. Potter,* for defendant.