GENERAL PRODUCTS COMPANY, INC. *vs.* SUPERIOR COURT.

APRIL 23, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for a writ of certiorari to quash an order of the superior court under general laws 1938, chapter 538, §8, granting a motion by the plaintiff for the production of documents in the action at law in assumpsit for breach of contract entitled Herman A. Snider v. General Products Company, Inc., and numbered 121271 in the files of that court. The writ was issued and the record, which includes a transcript of the proceedings on such motion, was duly transmitted to this court. Adopting the terminology applicable to the parties in the law action, we will hereinafter refer to Herman A. Snider as the plaintiff and to the General Products Company, Inc., as the defendant.

The declaration in the law action shows that plaintiff claimed damages for the alleged breach of an agreement whereby defendant promised to pay him, as compensation for his services in negotiating one or two contracts in its behalf with the United States government, one third of the net profits inuring to it from those transactions. Each of the contracts just mentioned concerned the manufacture by defendant of a large number of "foot lockers."

When the law action was at issue on the merits plaintiff filed a petition for the production of documents averring, under oath and upon his knowledge and belief, that the items therein specifically identified were in the possession or control of the defendant and that it was necessary to examine them in order properly to prepare for trial. Thereupon a justice of the superior court, acting in accordance with the provisions of chap. 538, §8, entered an order requiring defendant to file an answer under oath stating whether it had the documents described in the petition and if so whether it objected to producing them and the grounds for such objection.

The answer which defendant filed in compliance with such order was in the form of an affidavit signed and sworn to by its treasurer wherein it clearly appears that defendant was in possession of a number of the documents asked for by plaintiff. The defendant further stated in its answer that it objected to the production of the documents in its possession because, among other things, the books of account were private records; that inexact copies of the bids and the financial statement were not material or competent evidence; and that by ordinary process plaintiff could secure the necessary documents from the government or from the defendant corporation at the time of trial.

At the hearing on the petition and answer one of the attorneys for the plaintiff testified in substance that unless he were given an opportunity to examine the documents in defendant's possession he would be unable to prepare adequately for trial of the law action, as the government had refused to allow an inspection of its records in the matter. Upon the termination of that hearing the trial justice decided that in the circumstances plaintiff was entitled to examine the documents set forth in his petition and accordingly an order was entered to that effect which order contained the following conclusion: "Provided, however, that if the defendant, its servants or agents do not have in its or their possession any of the originals or copies above described, this order shall apply to whatever document most nearly fits the description thereof set forth in the petition, even though the defendant, its agents or servants may not know whether the same is an original or an exact or correct copy."

In the instant proceeding in certiorari defendant contends that the order was not in accordance with law and that the testimony of plaintiff's attorney relating to the documents in question was pure hearsay, as he had no personal knowledge concerning the transactions to which they referred. It is true that the attorney had no such knowledge

462

and that he based his testimony with reference to the existence, contents and possession of the documents on the positive statements under oath made by plaintiff in the petition for their production, which were subsequently confirmed to some extent by defendant's answer in the form of an affidavit by its treasurer. However, defendant misconceives the true import of that testimony, the ultimate purpose of which, in our judgment, was to show as a matter of record that plaintiff was denied permission from the government to inspect the documents before trial; that in the absence of such inspection he was unable properly to prepare and prosecute his case in a competent and orderly manner; and that, since defendant was vitally interested in the controversy and admittedly was in possession of at least some of the requested documents, defendant should be ordered to permit an examination thereof for the due administration of justice.

The defendant next contends that as certain documents in its possession were "rough" copies of the originals they were inadmissible in evidence. Our answer to that contention is that in many instances, which need no discussion here, copies of pertinent originals may become competent evidence whenever it plainly appears that the originals are unavailable due to loss, destruction, inaccessibility or other justifiable cause. 32 C.J.S., Evidence, §§813, 823, 837.

The purpose, scope and meaning of the governing statute in the instant case was fully considered in *Arnold* v. *Pawtuxet Valley Water Co.*, 18 R. I. 189. See also *Ely* v. *Mowry*, 12 R. I. 570. Reference to those cases is made to avoid unnecessary repetition, since the interpretation of the statute therein set forth has been consistently followed without challenge. Its object is to provide a substitute for the more cumbersome remedy by bill of discovery. Compliance with its terms requires that the petition for the examination of documents in the possession of an adverse party shall describe the documents, books and papers relating to the

case with particularity so that the discovery sought will appear to be reasonably warranted. Further, as stated in the *Ely* case, the petition should specify the reasons why it was essential that the requested order be made so that the court might be assisted in determining whether an examination of the documents was necessary for the due presentation of a pending case at a trial on the merits. The plaintiff's petition in the case at bar substantially complied with the requirements of the statute.

We note here that the present proceeding is in certiorari where, following our well-established rule, we do not weigh the evidence but only examine it to determine whether there was any legal evidence to warrant the trial justice in granting the order in question. From a careful examination of the record presently before us, our conclusion is that there was legal evidence showing a necessity for plaintiff to examine before trial at least the documentary items which, according to defendant's answer under oath, were admittedly in its possession and control.

To avoid misunderstanding we will now refer specifically to the documents described in such answer, since in our judgment they are the only documentary items which in the circumstances plaintiff is fairly entitled to examine. Those items are as follows: An invitation to the defendant from the United States government to bid for the manufacture of "foot lockers"; a "rough" copy of its bid; a financial statement submitted in connection with the alleged contract with the government; a copy of the "wire" sent by it relating to the same matter; and its books of account respecting the contract just mentioned.

The proviso, hereinbefore quoted in full, which concluded the order and which was not based on defendant's possession of certain documents but on the lack of such possession, is indefensible. We find no authority, statutory or otherwise, which grants such a right to plaintiff and which imposes

464

the burden upon the defendant to search its records, perhaps at its peril, for whatever documents most nearly fit the description thereof as set forth in plaintiff's petition. This part of the order was without warrant of law and was unsupported by any legal evidence. Such proviso is not in accordance with the express language of the statute, and the practice if countenanced would become a source of delay, confusion and unnecessary litigation.

The order as it now stands is susceptible of misunderstanding especially in view of the illegal portion thereof just above mentioned. To avoid further controversy between the parties in the matter, we therefore direct that a new order be entered in the superior court embracing only the documentary items which we have herein specifically identified as described in the answer.

For the reasons stated, all parts of the order presently before us which are inconsistent with our determination herein are hereby quashed, and the record certified to this court is ordered returned to the superior court for further proceedings in accordance with this opinion.

*Raymond D. Brennan, Judah C. Semonoff,* for petitioner.

*Sherwood & Clifford,* for respondent Herman A. Snider.